**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
MDD_SAGchambers@mdd.uscourts.gov

April 21, 2021

LETTER ORDER

    Re: Carrasco v. M&T Bank
         Civil Case No. SAG-21-532

Dear Mr. Carrasco and Counsel:

    The docket in this case is currently replete with filings, almost none of which are properly filed. Currently, there is one substantive motion pending: a motion to dismiss, ECF 22, the opposition to that motion, ECF 30, and the reply to that motion, which was filed as a "response" instead of a reply, ECF 31. There are two actual motions to strike, ECF 24 and ECF 32, and one piece of correspondence requesting that another filing be stricken, ECF 37. All of those motions and requests to strike will be denied, as this Court has repeatedly expressed its view that a motion to strike, in this context, is not an appropriate procedural vehicle or use of Federal Rule of Civil Procedure. 12(f). *See, e.g.*, *Dowdy v. Santander Consumer U.S.A., Inc.*, Civil No. SAG-19-01386, 2019 WL 5455554, at *5 (D. Md. Oct. 14, 2019) (citing *Maxtena, Inc. v. Marks*, Civil No. DKC-11-0945, 2012 WL 113386 (D. Md. Jan. 12, 2012) for the proposition that the "Federal Rules of Civil Procedure only permit a motion to strike matters contained in pleadings, not those contained in other motions, brief, or attachments"). Instead of complicating the motions process with improper and unnecessary requests to strike, the parties should focus on the merits of the motions that have been appropriately filed.

    A number of filings have been entered on the docket since the inception of the case that are not in the form of a motion or a response or reply to a motion. Please be advised that, in ruling on any pending motion, the Court will only consider items appropriately docketed as a motion, opposition, or reply, and will not review all unrelated filings on the docket. Local Rule 105 generally explains that an "opposition to a motion shall be filed with the Clerk and be accompanied by a memorandum setting forth the reasoning and authorities in support of it." Loc. R. 105.1 (D. Md. 2018). The exhibits specifically supporting the opposition must be attached as exhibits to that motion, provided in hard copy and tabbed if the local rules so require. *See* Loc. R. 105.5. Evidence should not be filed on the docket independent of a motion, opposition, or reply. Although the evidence on the docket will not be considered by the Court because it has not been properly filed, the motion to seal some of that evidence, ECF 19, will be granted to shield it from public viewing.

Any filings after the reply filed at ECF 31, pertaining to the motion to dismiss, constitute surreplies and are not permitted to be filed absent express Court permission. L.R. 105.2a ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). Thus, those filings will be disregarded.

Please refrain from continuing to docket items that do not constitute a motion, an opposition to a motion, a reply, or other correspondence to the Court seeking particular relief. This Court will adjudicate the single substantive motion that is pending in due course. In the meantime, for the reasons stated herein, ECF 19 will be GRANTED and ECF 24 and 32 will be DENIED. Despite the informal nature of this letter, it constitutes an ORDER of the Court and should be docketed accordingly.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge