IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYCE CARRASCO, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-21-0532 |
| M & T BANK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Bryce Carrasco ("Plaintiff"), who is self-represented, filed a Complaint on March 2, 2021, against Defendant M&T Bank ("M&T"). ECF 1. The Complaint originally consisted of five counts, although Plaintiff has now voluntarily dismissed Counts Three, Four, and Five. ECF 30 at 3. Currently, Plaintiff alleges that M&T's actions with respect to his credit card account violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) (Count One), and two provisions of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1632(d)(1) and 1633 (Count Two). M&T has filed a Motion to Dismiss, ECF 22, which this Court has reviewed along with Plaintiff's opposition, ECF 30, and M&T's reply, ECF 31. No hearing is necessary to resolve the motion. *See* Local Rule 105.6 (2018). For the reasons that follow, M&T's motion to dismiss will be denied and a scheduling order will issue to permit discovery to begin.

**I.     Factual Background**

The following facts are derived from the Complaint and are assumed to be true for purposes of this motion. On July 17, 2020, Plaintiff applied for and received an M&T Visa Credit Card with Rewards. ECF 1 ¶ 5. Three days later, Plaintiff emailed an M&T Branch Manager requesting to look at account documentation online. *Id.* ¶ 6. He was told that he would receive a letter "that

comes separate from the card that has your approval information." *Id.* ¶ 7. On or about July 21, 2020, Plaintiff received his physical card, along with a letter providing certain information about the credit terms and "a generic-looking and undated pamphlet, which Defendant has represented as being the Credit Agreement."[1] *Id.* ¶¶ 8-9.

Plaintiff opened the M&T credit card under an introductory offer providing a 0% introductory Annual Percentage Rate ("APR") for the first 12 months for purchases and balance transfers. *Id.* ¶ 11. Shortly after receiving the card, Plaintiff used the M&T card to pay off a credit card he held with another bank. *Id.* ¶ 12. As of August 3, 2020, then, Plaintiff had a balance of approximately $2,200 on his M&T account. *Id.* ¶ 13.

In September, 2020, Plaintiff temporarily moved from his Baltimore residence, which was his address on file with M&T, to his parents' home in Arnold, Maryland. *Id.* ¶ 15. Plaintiff did not return to his Baltimore home until December, 2020. *Id.* ¶ 15. During that time, he did not receive email or telephone correspondence from M&T. *Id.* ¶ 16. Upon his return, he discovered six letters in his mail from M&T, stating that he had a past-due debt on the account. *Id.* ¶¶ 17-18. One such letter, dated November 5, 2020, stated that M&T had "told a credit bureau about a late payment, missed payment, or other default on your account." *Id.* ¶ 18. The letter further warned, "This information may be reflected in your credit report." *Id.*

On December 17, 2020, Plaintiff called M&T and made full payment by telephone of the amount M&T claimed to be overdue. *Id.* ¶ 21. The M&T representative agreed to reverse the late fee charges on the account. *Id.* On December 30, 2020, Plaintiff emailed M&T to:

> notify them that disputes had been submitted to Experian, Transunion and Equifax in regard to information reflected on Plaintiff's credit reports from all three agencies, based on information furnished by [M&T]. In addition to notifying

---

[1] Plaintiff attached a copy of the credit agreement to the complaint as Exhibit 3. ECF 1-4 ("M&T Bank Visa Credit Card Agreement"). However, the format of the attachment is largely illegible.

> M&T of disputes with CRAs, Plaintiff also provided a formal statement describing why such furnished information was misleading and overall misrepresentative based on the underlying terms of credit.

*Id.* ¶ 22. M&T confirmed receipt of the email on December 31, 2020 and informed Plaintiff that it was investigating his concerns. *Id.* ¶ 23. Plaintiff continued to send correspondence to M&T about his disputes. *Id.* ¶¶ 24-26. However, after its investigation, M&T made no changes to its reporting to the credit reporting agencies ("CRAs"), instead verifying the account information without incorporating other comments. *Id.* ¶ 27. Specifically, M&T did not indicate to the CRAs that it was or had been investigating Plaintiff's dispute. *Id.* ¶¶ 27-28.

Plaintiff alleges that M&T "failed to post a written agreement pertaining specifically to open-end credit plans categorized as M&T Visa Credit Card with Rewards that are adjusted based on the promotional offers advertised." *Id.* ¶ 41. He further alleges that M&T issued "detailed and specific advertisements" for its credit card that did not "clearly and conspicuously set forth 'any minimum or fixed amount which could be imposed." *Id.* ¶ 42.

## II.     Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011).  But, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."); *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant.  *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199,

5

203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed v. Town of Gilbert.*, 576 U.S. 155 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, a court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

### III.   Analysis

#### A.  FCRA Claim

Count One of Plaintiff's Complaint fairly alleges that M&T violated the FCRA by failing to inform the CRAs that he was disputing the unpaid debt it had reported. "Furnishers of information," like issuers of credit cards, have several affirmative obligations under the FCRA that are aimed at ensuring CRAs are provided complete and accurate information. *See* 15 U.S.C. § 1681s-2(b) (outlining duties of "a furnisher of information," upon notice that the accuracy of reported information is disputed); *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 147-49 (4th Cir. 2008) (explaining furnishers of information's duty "to determine whether the information that they previously reported to a CRA is '*incomplete* or inaccurate'"). To state a

claim under section 1681s-2(b) of the FCRA a claimant must allege "(1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information." *Ausar-El v. Barclay Bank Del.*, No. PJM 12-0082, 2012 WL 3137151, at *3 (D. Md. July 31, 2012). However, "a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (citing *Saunders*, 526 F.3d at 150); *Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 853 (E.D. Va. 2017); *cf. Saunders*, 526 F.3d at 151 (assuming without deciding "that a furnisher incurs liability . . . only if it fails to report a *meritorious* dispute" (emphasis added)).

M&T disputes whether Plaintiff gave M&T proper notice of his specific dispute. ECF 22-1 at 7. Additionally, M&T argues Plaintiff's FCRA claim should be dismissed because he has not alleged a bona fide or meritorious dispute with M&T that would trigger its obligations to report the dispute to the CRAs. M&T points out that Plaintiff does not dispute that he had not made any minimum payments prior to December 17, 2020. He also does not dispute that the plain terms of the credit agreement state that he was required to make such payments. ECF 1 ¶ 44 (stating the "minimum monthly payments" are "the greater of (a) $15 or (b) 2.5% of the Outstanding Balance, plus the greater of (x) any amounts over limit and (y) any past due amounts"). He does dispute, however, that he was properly notified of the terms and that he is actually bound by the credit agreement. In the complaint, Plaintiff acknowledges he was sent a "generic-looking" pamphlet that M&T "has represented as being the Credit Agreement." ECF 1 ¶ 8. He openly questions, however, "[w]hether this Agreement qualifies as a legally binding and enforceable contract." *Id.*

He also alleges that M&T made the Agreement in "bad faith," and that its conduct in doing so is "predatory" and amounts to "obfuscation and ambiguity," *id.* ¶ 20, and argues his failure to pay the required payments "were the result of the inadequate representations" by M&T, ECF 30 ¶ 32. If Plaintiff was not actually bound by the agreement his "failure to pay the debt [would] not reflect financial irresponsibility," and M&T's failure to disclose the dispute would be misleading. *Saunders*, 526 F.3d at 150.

Both parties cite to a number of exhibits that have been filed on the Court's docket but were attached neither to the Complaint nor to the motion to dismiss. As referenced above, a factual inquiry into the merits of the parties' positions is premature at the motion to dismiss stage particularly where, as here, the parties appear to dispute many facts. Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Thus, with respect to the FCRA count, the parties' opposing views as to whether Plaintiff's dispute paperwork attached all the information required by statute or did or did not meet the standard of being a "bona fide dispute" await a later stage of this litigation when the underlying facts are clear. For the purpose of the relatively low threshold of "plausibility" required at the motion to dismiss stage, particularly under the liberal construction afforded pleadings drafted by a *pro se* litigant, Plaintiff's allegations, assumed to be true, suffice to state a FCRA claim that M&T failed to report the dispute about the debt to the CRAs.

### B. TILA Claims

The analysis as to the TILA claims Plaintiff asserts is similar. Under TILA, a creditor must post online "the written agreement between the creditor and the consumer for each credit card

account" for all open-end consumer credit plains. 15 U.S.C. § 1632(d)(1). Plaintiff alleges that M&T did not post the credit agreement for the credit card he received from M&T through a promotional offer. ECF 1 ¶ 41. Additionally, if a creditor advertises an open end credit plan it may not "set forth any of the specific terms of that plan unless it also clearly and conspicuously sets forth . . . [a]ny minimum or fixed amount which could be imposed." 15 U.S.C. § 1663(1). Plaintiff alleges that M&T violated this provision because it advertised an open-end credit plan with 0% APR for the first twelve months but did not adequately disclose the required minimum monthly payments. ECF 1 ¶ 44.

M&T essentially contends, citing to various exhibits, that Plaintiff's allegations are untrue: that it did post the written agreement for Plaintiff's credit card account online and it did clearly and conspicuously set forth any minimum or fixed amount which could be imposed, as required by law.[2] ECF 22 at 8-9. Specifically, M&T argues that minimum monthly payments are not "considered finance charges under Regulation Z (12 C.F.R.) § 226.4," and thus are not "minimum or fixed amounts" required to be disclosed. ECF 22-1 at 9 (citing 1 *Consumer Law Sales Practices and Credit Regulation* § 307 n.2). With respect to the first issue, whether or not the written agreement was properly posted online is a fact issue inappropriate for resolution on a motion to dismiss, where this Court must credit Plaintiff's well-pleaded allegation that it was not. With respect to whether M&T's disclosures to Plaintiff comported with Regulation Z, this Court declines to address the legal issue on the limited and disputed record presented on this motion to dismiss. The issue will be more squarely before the Court once there is a complete record as to

---

[2] In his Opposition, Plaintiff appears to raise issues about M&T's calculation of his APR and whether M&T's disclosures comported with Appendix G-10(A) of TILA. *See* ECF 30 at 9-12. However, no such claims are alleged in the Complaint and they will not therefore be addressed by the Court.

exactly what disclosures Plaintiff received, and M&T will be free to re-raise the issue (along with the other fact issues presented in this motion) in the summary judgment context.

Finally, M&T suggests that Plaintiff lacks standing to assert his TILA claims because he has not alleged actual injury. M&T is correct that Plaintiff cannot recover the criminal penalties described in 15 U.S.C. § 1611. *See Vrabel v. JP Morgan Chase Bank, N.A.*, No. C-C-09-1278, 2009 WL 2421856, at *2 (N.D. Cal. Aug. 6, 2009) (rejecting the plaintiff's claim to recover penalties under 15 U.S.C. § 1611). However, this case is distinguishable from cases in which a "bare procedural violation" of TILA is alleged. Plaintiff expressly alleges that he was never provided with disclosures explaining that a minimum monthly payment would be owed during the introductory period and that, as a result of that failure to disclose and the unavailability of the credit agreement online, he has suffered actual injury including damage to his credit rating. Thus, Plaintiff's TILA claims are not susceptible to dismissal for lack of actual injury or standing.

Of course, this Court's ruling on this motion to dismiss suggests nothing about what the ultimate outcome of this case will be, once the factual record is complete. The burden on the non-moving party is much greater in connection with subsequent stages of a litigation. Under the relatively low bar of the Rule 12(b)(6) standard, however, Counts One and Two are adequately pleaded and should proceed to discovery.

### IV.   CONCLUSION

For the reasons set forth above, M&T's Motion to Dismiss, ECF 22, is denied as to Counts One and Two. Counts Three, Four, and Five have been voluntarily dismissed, without prejudice. A separate Order follows, and a scheduling order will issue.

Dated:  April 27, 2021                                     /s/
                                                Stephanie A. Gallagher
                                                United States District Judge