IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRYCE CARRASCO**, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: SAG-21-532 |
| **M&T BANK**, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT M&T BANK'S RESPONSE TO
PLAINTIFF'S INTERIM REPORT ON THE PROGRESS OF DISCOVER**

Defendant M&T Bank, by and through its undersigned counsel, submits this brief response to Plaintiff's Interim Report on the Progress of Discovery (ECF No. 65) for the limited purpose of correcting the record and providing the Court assurance that M&T has fully complied with the Federal Rules of Civil Procedure.

1.      First, Plaintiff accuses M&T of violating Fed. R. Civ. P. 45(a)(4) "by serving a third party subpoena on Oppenheimer & Co. Inc. on May 28, 2021 before notifying Plaintiff that [M&T] intended to do so." (ECF No. 65 at 2). The truth is that M&T provided Plaintiff with a copy of the subpoena by email on the same day and close to the same time as the subpoena was served on Oppenheimer & Co. Inc. *See* Exhibit 1, May 28, 2021 email from B. Moffet to Plaintiff with subpoena attached; *see also, e.g.*, *Bofi Federal Bank v. Erhart*, 2016 WL 1644726, at *5 (S.D. Cal. Apr. 26, 2016) (service of notice of subpoena concurrently with service of the subpoena "fulfills the purpose of Rule 45(a)(4) to notify all parties of the subpoena").[1]

---

[1] Notably, Plaintiff never objected to the subpoena served on Oppenheimer & Co. Inc. Instead, Plaintiff served a third request for production of documents asking M&T to produce the documents it receives in response to the subpoena and M&T agreed that it would do so.

2. Next, Plaintiff complains about the tone of a June 28, 2021 email that M&T's counsel sent in response to Plaintiff's request to depose four high-ranking corporate executives at M&T including (a) the Chairman and Chief Executive Officer; (b) the Vice Chair; (c) the Chief Financial Officer; and (d) the General Counsel. (ECF No. 65 at 5). Plaintiff does not provide the Court with a copy of this email but M&T has attached a copy here as Exhibit 2 to show the Court that nothing about the tone or content of the email can reasonably be interpreted as "rude" or "condescending." *See* Exhibit 2, June 28, 2021, email from B. Moffet to Plaintiff.

3. Lastly, Plaintiff takes issue with the fact that M&T responded to the first document request "on 6/7/2021, 32 days after" the request was served and suggests that M&T's response was late in violation of Fed. R. Civ. P. 34. (ECF No. 65 at 6). To the contrary, M&T's response was timely in accordance with Fed. R. Civ. P. 6(a)(1)(C). Plaintiff served the document request on May 6, 2021. Thirty days later is June 5, 2021. However, because June 5th was a Saturday, M&T's response date was automatically extended to "the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). That was June 7, 2021, which is when M&T provided its response to Plaintiff's first document request.[2]

4. M&T also takes this opportunity to object to Plaintiff's campaign of inappropriate, personal attacks on the bank's outside counsel as well as the corporate executives of M&T Bank Corporation, namely Rene Jones, Chairman and Chief Executive Officer, and Laura O'Hara, Senior Vice President and General Counsel. (ECF No. 65 at 7-9). The *pro se* practice shield is not a sword with which to engage in personal attacks. *See*, *e.g., Bethel v. Town of Loxley*, No.

---

[2] Plaintiff's Interim Report suggests that M&T sent him an email stating: "I am intentionally not going to be transparent and there is nothing you can do about it." (ECF No. 65 at 6). To be clear, counsel for M&T never sent such an email nor did counsel ever use those words or anything similar to those words in any communication with Plaintiff.

2006 WL 3449140, at *2 (S.D. Ala. Nov. 29, 2006) ("Notwithstanding plaintiffs' pro se status, their pleadings must exhibit proper decorum and respect . . . .  Ad hominem attacks in written filings in federal court are never acceptable, and will not be tolerated.").  Accordingly, Plaintiff should be directed to refrain from making any further and additional attacks on M&T's counsel and its executives.

5. Finally, M&T understands from Plaintiff's Interim Report that he wants "discovery [to] end immediately" because he plans to file a motion for summary judgment.  (ECF No. 65 at 1).  M&T has no objection to closing discovery at this time and is prepared to file its own motion for summary judgment.  To the extent the Court is inclined to grant Plaintiff's request, M&T asks the Court to set a briefing schedule consistent with Local Rule 105(2)(c).  Otherwise, Plaintiff should be compelled to appear for his deposition at 10:00 am on July 8, 2021, as previously agreed upon.  (ECF No. 65 at 6-7).

6. If the Court has any further questions regarding this matter, M&T stands ready to answer them.

Respectfully submitted,

*/s/ Brian L. Moffet*
Brian L. Moffet (Fed. Bar No. 13821)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: (410) 727-6464
bmoffet@milesstockbridge.com

*Attorneys for Defendant M&T Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2021, a copy of the foregoing was served on the following via email and via first class mail, postage prepaid:

Bryce Carrasco
334 Ternwing Drive
Arnold, MD 21012

                                        */s/ Brian L. Moffet*
                                         Brian L. Moffet