**EXHIBIT 2**

## Moffet, Brian L.

| | |
|---|---|
| **From:** | Moffet, Brian L. |
| **Sent:** | Friday, May 28, 2021 2:43 PM |
| **To:** | 'bocarrasco47@outlook.com' |
| **Subject:** | Carrasco v. M&T - Written Discovery |
| **Attachments:** | M&T's First Set of Interrogatories to Carrasco.pdf; M&T's First RFPDs to Carrasco.pdf; M&T's First RFAs to Carrasco.pdf; 2021-05-28 Subpoena to Oppenheimer .pdf |

Mr. Carrasco –

Attached please find M&T's written discovery requests -- interrogatories, document requests and request for admissions.  Hard copies of the attached documents also have been placed in the mail to you.  The subpoena to Oppenheimer was served on its resident agent earlier this afternoon.

Also, I would like to take your deposition on one of the following dates: June 30, July 1, July 7, or July 8.  Please let me know which of these dates are convenient for you.  The deposition will start at 10:00 am.  Once I hear back from you, I will issue a formal notice of deposition.

If you have any difficulty opening the attached files, please let me know.

Brian


**Brian Moffet**

100 Light Street | Baltimore, MD 21202
D: +1 410.385.3656 | O: +1 410.727.6464 | F: +1 410.773.9138

vCard | bmoffet@milesstockbridge.com

For COVID-19 information and resources, please visit our Coronavirus Task Force page.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| BRYCE CARRASCO | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   SAG-21-532 |
| M&T BANK | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     OPPENHEIMER & CO. INC.
SERVE: CSC-LAWYERS INCORPORATING SERVICE CO. - 7 St. Paul St., Suite 820, Baltimore, MD 21202

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Miles & Stockbridge, P.C. | Date and Time: |
|---|---|
| 100 Light Street, 5th Floor | |
| Baltimore, Maryland 21202 | 06/11/2021 10:00 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/28/2021

CLERK OF COURT

OR

_____          _____ (Fed. Bar No. 13821)
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     M&T Bank
Brian L. Moffet, Esq.                                                      , who issues or requests this subpoena, are:
Miles & Stockbridge, PC - 100 Light Street, Baltimore, MD 21202 - bmoffet@mslaw.com - 410.727.6464

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  SAG-21-532

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## INSTRUCTIONS AND DEFINITIONS TO ATTACHMENT A

### DEFINITIONS

As used in these requests, the following terms are to be interpreted in accordance with these definitions:

1. The term "person" includes any individual, corporation, partnership, joint venture, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

2. "All" shall mean "any" and vice-versa.

3. "And" shall mean "or" and vice-versa.

4. The singular shall mean the plural and vice-versa.

5. "Document" means all written, printed, typed, recorded, photographic, electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, books, papers, letters, correspondence, memoranda, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices, progress reports, intra- and inter-office communications, calendars, drafts, drawings, microfilm, abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars, pamphlets, slides, photographs, sketches, labels, advertisements, charts, graphs, computer data compilations, e-mail, statistics, speeches, tapes, electronic files, electronic media, tape recordings, press releases, public statements, public announcements, public and governmental filings, and other writings and other magnetic, photographic, electronic and sound recordings.

6. "Communication" means any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include both written communication and oral communication.

7. "Relate to" means constitute, reflect, support, evidence, contradict, refer to, state, describe, record, note, embody, contain, mention, study, analyze, discuss, evaluate, or is relevant to.

8. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9. "You" and "your" shall refer to the party responding to this Subpoena.

10. "Carrasco" shall refer to Bryce Carrasco.

## INSTRUCTIONS

This subpoena *duces tecum* is intended to cover all documents in your possession or subject to your possession, custody, and control.

1. Where a complete production to a particular request is not possible, the production should be made to the extent possible.

2. Production shall be made of original records as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this request.

3. Produce original documents whenever such documents are available to you.

4. Produce all documents in the possession of your attorneys.

## ATTACHMENT A – DOCUMENTS TO BE PRODUCED

1. All documents relating to or comprising Carrasco's personnel and/or employment file.

2. All documents, including communications, relating to Carrasco's compensation over the past three (3) years.

3. All documents, including communications, relating to Carrasco's work performance.

4. All documents, including communications, relating to Carrasco's consideration for any promotion/advancement/merit increase.

5. All documents relating to Carrasco's qualifications for employment, including any resumes submitted to you.

6. All documents relating to any disciplinary action or censure of Carrasco.

7. All documents concerning any reasonable accommodations made for Carrasco on account of any emotional or mental illness or disorder.