**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

```
------------------------------------------------- x
BRYCE CARRASCO,                    :         Civil Action
        Plaintiff,                 :
    v.                             :         Case No. 21-532 (SAG)
M&T BANK,                          :
        Defendant.                 :
------------------------------------------------- x
```

## MOTION FOR PUNITIVE DAMAGES HEARING

The plaintiff moves the court to schedule a hearing on the issue of punitive damages once a decision regarding summary judgement is made. It seems proper that this be heard in open court in a live hearing given that the dollar figures involved are significant, although warranted based on the size of the defendant. I would prefer if this payment came directly from the salaries of the management team of M&T Bank, but that is probably not practical. Eventually the five executives I mentioned in my last document should pay restitution in the ball park of $150 million to the shareholders of the company, and then be prosecuted to the fullest extent of criminal law. But that is not relevant to the disposition of the above-styled action.

There are no genuine disputes of material facts for the defendant's liability for willful noncompliance with the Fair Credit Reporting Act. If there are any questions or areas that need to be clarified with respect to this, let it be known and they shall be confronted accordingly. Otherwise, summary judgement must be granted on the question of defendant's willful liability under FCRA.

With respect to actual damages, I believe this matter can be properly settled without hearing as well, and if there are any questions or disputes let them be brought forth; otherwise,

1

summary judgement shall be granted on the question of actual damages sustained as a result of the defendant's unlawful conduct under FCRA and the illegal advertisements pursuant to 15 U.S.C. §1663. Since the question under §1663 of TILA is pure statutory interpretation on whether the brochure filed with the court, the account approval letter, the online advertisements or other marketing materials that can still be found on M&T's website properly disclose "any minimum or fixed amount which may be imposed", this matter is properly before the Court. If there is an issue to be made with the amount of the damages, let them be known, and the plaintiff asks that any issues if made not be frivolous or based on technicalities because this case needs to end as soon as possible; otherwise summary judgement shall be granted with respect to the relief requested in the Amended Complaint for actual damages.

  The claim regarding the online posting of the credit agreement can be thrown out as it is immaterial to the substance of the defendant's ultimate liability for the requested relief. If the Court decides that §1663 of TILA was properly observed by M&T, then actual damages can be provided for solely under the Fair Credit Reporting Act. Nevertheless, this question may be of importance is deciding since I have not been able to find any precedents on this issue and it would be well and good for the future administration of justice.

  It is requested by the plaintiff that the Court and the defendant's counsel be accommodating in regard to the technical details contained in the local rules for the remainder of the case as plaintiff is tired and wants to cut to the substance of everything as soon as possible so he can move on with his life.

## **SIGNATURE PAGE**

UNDER PENALTY OF PERJURY, I hereby certify that the foregoing statements are true and correct based on current belief, understanding and knowledge, and are not being filed for any improper purpose. Respectfully submitted to the Court.

SIGNED BY:                                                                                        DATED: 7/1/2021

X _____