# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**BRYCE CARRASCO**,                  *

    Plaintiff,                       *

v.                                     *         Case No.: SAG-21-532

**M&T BANK**,                       *

    Defendant.                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S RESPONSES TO DEFENDANT M&T BANK'S FIRST SET OF INTERROGATORIES TO PLAINTIFF BRYCE CARRASCO

**TO:**       **Plaintiff Bryce Carrasco**

**FROM:**    **Defendant M&T Bank**

Pursuant to Fed. R. Civ. P. 33 and Local Rule 104, and Appendix A to the Local Rules (Discovery Guidelines), Defendant M&T Bank ("M&T"), through its undersigned counsel, propounds these Interrogatories, to which Plaintiff Bryce Carrasco ("Carrasco") shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

## INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such information, that material need not be provided and no

1

privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 10(d) will be required as to such information.

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3. Pursuant to Discovery Guideline 10(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Discovery Guideline 10(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. Pursuant to Discovery Guideline 10(d), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

    B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

        (1) For oral communications:

            a. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

            b. the date and place of the communication; and

    c.  the general subject matter of the communication.

 (2)  For documents:

    a.  the type of document,

    b.  the general subject matter of the document,

    c.  the date of the document, and

    d.  such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

 5.  If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained or, if produced electronically, produced in a manner consistent with Guideline 2.04 of the ESI Principles.

 6.  If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## **DEFINITIONS**

 Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

 1.  *Concerning:* The term "concerning" means relating to, referring to, describing,

evidencing, or constituting.

2. *Communication:* The term "communication" means the transmittal of information by any means.

3. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. *Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. *Identify (with respect to documents):* When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant,

and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. *You/Your:* The terms "you" and "your" and shall refer to Plaintiff Bryce Carrasco, together with his agents, representatives, accountants, attorneys, or any other person acting on his behalf.

10. The term "M&T" shall refer to Defendant M&T Bank, together with its officers, directors, members, agents, representatives, or any other person acting on its behalf.

11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

12. The term "Complaint" means the Complaint filed by Plaintiff in the above-captioned case and any subsequent amended pleading.

13. The term "Answer" means the Answer filed by Defendant in the above-captioned case and any subsequent amended pleading.

14. The term "putative amended complaint" refers to the amended complaint that was filed with the Motion for Leave to Amend Complaint on May 27, 2021.

15. The term "subject matter of this action" includes any and all matters and information which in any way pertain, refer or relate, address or mention any and all of the

persons or matters, facts, circumstances, allegations, and occurrences set forth or referred to in the Complaint and any and all responses filed thereto.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint and state the subject matter of the personal knowledge possessed by each such person.

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiff identifies the following persons who are likely to have personal knowledge of any fact alleged in the Complaint:

1. **Bryce Carrasco**. This person is likely to have substantive knowledge of all substantive matters relating to the subject matter set forth in the amended Complaint.

2. **Sally Carrasco**. This person is likely to possess corroborating first-hand knowledge of the emotional distress incurred by the plaintiff as a result of the defendant's unlawful actions including his alleged depression, stress and anxiety and the physical manifestations thereof.

3. **Luis Carrasco**. This person is likely to possess corroborating first-hand knowledge of the emotional distress incurred by the plaintiff as a result of the defendant's unlawful actions including his alleged depression, stress and anxiety and the physical manifestations thereof.

**INTERROGATORY NO. 2:** Itemize and show how you calculate any damages claimed by you in this action, whether economic, non-economic, punitive, or other.

**RESPONSE TO INTERROGATORY NO. 2:** See below.

1. Economic Damages: $100,000

2. Non-Economic Damages: $60,000

3. Punitive Damages: $5,884,495.20

**INTERROGATORY NO. 3:** For each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefore.

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiff has not identified any witnesses and therefore states that no response to interrogatory number 3 is required at the present time.

**INTERROGATORY NO. 4:** If you contend that M&T has made any statement against interest concerning the subject matter of this action, describe in detail each and every such statement, including the date, time and place in which it was made; the name and address of each person who participated in, witnessed, or has any direct knowledge of such statement, and the relationship, if any, of each such person to you; the medium through which such statement was made (e.g., telephone, mail, messenger, etc.).

**RESPONSE TO INTERROGATORY NO. 4**: Plaintiff has not made any such contention at the present time based on his current knowledge. Furthermore, plaintiff states that he does not fully understand what this interrogatory is specifically referring to and therefore he is in no such position to provide a response to this interrogatory.

**INTERROGATORY NO. 5:** Identify all persons who have advised, assisted, aided, consulted, helped, or otherwise contributed to your preparation of all pleadings and motions filed by you in this action.

**RESPONSE TO INTERROGATORY NO. 5:** There are no persons which have advised, assisted, aided, consulted, helped or otherwise contributed in the preparation of all pleadings and motions filed by the plaintiff in this action, other than the plaintiff himself, Bryce

Carrasco.

**INTERROGATORY NO. 6:** Identify all supervisors, managers, and other personnel responsible for overseeing your work performance and for determining your qualification for any promotion, as alleged in paragraph 41 of your putative amended complaint.

**RESPONSE TO INTERROGATORY NO. 6:** Plaintiff asserts that Oppenheimer & Co. Inc. is the only person who possesses knowledge responsive to interrogatory number 6 and further suggests that they would be in a better position to provide information responsive to this request.

**INTERROGATORY NO. 7:** State whether you have ever been disciplined or censured at any employment position you have held, and, if so, describe the disciplinary action and/or censure.

**RESPONSE TO INTERROGATORY NO. 7:** The plaintiff has never been disciplined or censured at any employment position he has held.

**INTERROGATORY NO. 8:** Identify all psychiatrists, psychologists, therapists, social workers, doctors, nurses, and any other medical professionals who have treated, consulted, and/or diagnosed you for any emotional or mental illness or disorder, as alleged in paragraph 40 of your putative amended complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Plaintiff generally objects to providing a response to interrogatory number 8 insofar as it seeks confidential medical records which have no bearing on the subject matter relevant in this action. Plaintiff reserves the right to call upon David Goodman to testify as to treatment sought during an appointment which occurred in March 2021 where the emotional distress caused by M&T's unlawful conduct was discussed but objects to the disclosure of non-related medical records which do not relate to this action. Furthermore, the individuals identified in response to interrogatory number 1 possess

personal knowledge sufficient to substantiate the emotional distress sustained by the plaintiff as a result of M&T's conduct and therefore plaintiff's pre-existing ADHD is irrelevant and records pertaining to his diagnosis and treatment of such a pre-existing condition are objected to because they would constitute invasion of privacy and plaintiff objects to disclosing these medical records unless they be demanded by an order of the Court. Without waiving the prior objections, please feel free to subpoena David Goodman.

**INTERROGATORY NO. 9:** Identify the health insurance carrier(s) that provided any type of coverage for any medical care you claim was necessary as a result of the allegations in the Complaint or the putative amended complaint.

**Answer:** No health insurance carrier has provided coverage for my mental health.

**INTERROGATORY NO. 10:** If you contend that you were not required to make the monthly minimum payment on your credit card account with M&T, please state all facts supporting your contention.

**Answer:** see generally Amended Complaint (ECF 62).

**INTERROGATORY NO. 11:** Identify all credit card accounts that you have opened over the past three (3) years.

**Answer:** Bank of America. Opened August 2019 under 12-month introductory offer similar to the one advertised by M&T, except plaintiff was not required to make any minimum payments during the introductory period and based on this experience with Bank of America plaintiff had no reason to believe the account with M&T would be different, especially considering that no such minimum payment provision was disclosed at the time he applied for or opened the account, and no such representation of any minimum payment obligation was made upon request when asked for account documentation when the account was opened.

**INTERROGATORY NO. 12:** Identify all other loans or other forms of

indebtedness that you have incurred over the past three (3) years.

**INTERROGATORY NO. 13:** State all jobs or other employment that you have held over the past three (3) years, including name of employer, name of supervisor/manager, title/position held, and compensation earned (if salaried, on an annual basis; if hourly, on an hourly basis and total compensation earned).

**Answer:** plaintiff has provided compensation information, including his most recent W-2 statement filed with the IRS which fulfills this interrogatory.

**INTERROGATORY NO. 14:** State whether you have ever been provided any reasonable accommodation by any employer on account of any emotional or mental illness or disorder and, if so, describe the accommodation and medical basis for the accommodation.

**INTERROGATORY NO. 15:** State all addresses where you have lived over the past three (3) years.

1. 6009 Falls Road, Baltimore Maryland (Senior year of college)
2. 334 Ternwing Drive, Arnold MD
3. 100 East Redwood Street

**INTERROGATORY NO. 16:** Identify all lawsuits (including criminal, civil, and administrative) to which you have been a party.

**Answer:** irrelevant. But if you must know, plaintiff has been party to one other lawsuit filed in the district court for Anne Arundel County which is currently pending. The plaintiff has filed a motion for summary judgement which is attached and uploaded to the Dropbox.

**INTERROGATORY NO. 17:** State whether you have ever been denied credit in the last three (3) years and if so, identify the name of the creditor, the type of credit that was denied, the date on which the credit was denied and the reason for the denial.

**Answer:** Discover Bank, Member FDIC. Date of Denial: January 23, 2021. Uploaded to

Dropbox.

**INTERROGATORY NO. 18:** If you contend that your credit was damaged as a result of M&T's alleged conduct, state the factual basis for the contention and include in your response your credit score prior to M&T's alleged conduct, your credit score after M&T's alleged conduct, the identity of the credit reporting agency providing each credit score on which your claim of damage to credit is based, and the specific information you claim caused damage to your credit.

**ANSWER**: See Amend. Complaint ¶ 72. Also see ECF 15-4.

**INTERROGATORY NO. 19:** If you deny any of M&T's Requests for Admission in full or in part, please explain the factual basis for such denial.

**Answer:** M&T's requests for admissions in many ways attempt to mischaracterize certain facts which can be ascertained by reviewing documents on the record as well as statements contained in Plaintiff's complaint. Since many of the requests for admissions are duplicative or simply represent clever re-phrasing of statements already provided, plaintiff believes that they largely represent irrelevant requests which plaintiff will object to if used to contradict statements already clearly set forth in the pleadings and other documents which have been filed on the docket.

## SIGNATURE PAGE

UNDER PENALTY OF PERJURY, I hereby certify that the foregoing statements are true and correct based on current belief, understanding and knowledge, and are not being filed for any improper purpose. Respectfully submitted.

SIGNED BY:                                                                DATED: 6/25/2021

X _____