IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYCE CARRASCO, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:21-CV-00532-SAG |
| M&T BANK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT M&T BANK'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PUNITIVE DAMAGES HEARING**

Defendant M&T Bank ("M&T"), through its undersigned counsel, opposes the Motion for Punitive Damages Hearing, as amended (ECF Nos. 74 and 75),[1] filed by Plaintiff Bryce Carrasco ("Plaintiff") and, in support thereof, states as follows:

1. Although styled as a "Motion for Punitive Damages Hearing," the Motion has three distinct parts: (i) a request to schedule a hearing on the issue of punitive damages; (ii) a request for summary judgment on Counts 1 and 2(C) of the Amended Complaint; and (iii) the voluntary dismissal of Count 2(B) of the Amended Complaint.

2. Without addressing the merits of Plaintiff's request for punitive damages, for which no merit exists, Plaintiff's request for a hearing on the issue of punitive damages is premature. (ECF No. 75 at 1). For a plaintiff to be entitled to punitive damages under the FCRA, the plaintiff must first prove that the defendant "knowingly and intentionally committed an act in conscious disregard for the rights" of the consumer. *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001) (internal quotations and citation omitted). And even when a plaintiff is able

---

[1] To avoid any confusion caused by Plaintiff's multiple filings, all references to the Motion for Punitive Damages Hearing will be to the one filed on July 2, 2021 and docketed ECF No. 75.

to make such a showing, "[p]unitive damages are normally for the jury to decide." *Desrosiers v. MAG Indus. Automation Systems, LLC*, No. WDQ-07-2253, 2010 WL 4116991 (D. Md. Oct. 19, 2010) (citing *Owens-Corning Fiberglas Corp. v. Garrett*, 343 Md. 500, 540 (1996)).

3.   This case is not as far advanced as Plaintiff assumes. There has been no finding of any liability on the part of M&T – let alone a finding of willful noncompliance with the FCRA, which is the only claim in the Amended Complaint that provides for recovery of punitive damages. Accordingly, Plaintiff's request to schedule a hearing on punitive damages is premature, procedurally improper, and should be denied.

4.   Plaintiff also asks the Court to grant summary judgment in his favor. (ECF No. 75 at 1-2). Pursuant to Federal Rule of Civil Procedure 56, a party moving for summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion. Fed. R. Civ. P. 56(c).

5.   Here, Plaintiff provides no factual or legal support for the bald assertion that he is entitled to summary judgment on his claims under the FCRA and TILA. Not only is his Motion bereft of any legal authority but Plaintiff also fails to establish the absence of any genuine disputes of material fact supporting his allegations of willful noncompliance with the FCRA (Count 1) and the violation of TILA, 15 U.S.C. § 1663 (Count 2(C)). This is fatal to Plaintiff's request for summary judgment. Without presenting factual evidence and supporting legal authority, Plaintiff's Motion falls well short of the standard for summary judgment under the Federal Rules of Civil Procedure. Accordingly, Plaintiff's request for summary judgment, cloaked within his Motion for Punitive Damages Hearing, must be denied.

6.   Lastly, Plaintiff states that the allegations related to 15 U.S.C. § 1632 (Count 2(B)) "can be thrown out." (ECF No. 75 at 2).  M&T has no objection to and consents to dismissal of Count 2(B) of the Amended Complaint.

WHEREFORE, Defendant M&T Bank respectfully requests that Plaintiff's Motion for Punitive Damages Hearing be denied. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

*/s/ Brian L. Moffet*
Brian L. Moffet (Fed Bar No. 13821)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
410.727.6464
bmoffet@milesstockbridge.com

*Counsel for Defendant M&T Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2021, I served a copy of the foregoing on the following via ECF and via first class mail, postage prepaid:

Bryce Carrasco
334 Ternwing Drive
Arnold, MD 21012

*/s/ Brian L. Moffet*
Brian L. Moffet (Fed Bar No. 13821)