**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

Rex Richard Saunders,
                    *Plaintiff-Appellee,*

v.

Branch Banking and Trust
Company of Virginia,
                    *Defendant-Appellant,*

and                                             No. 07-1108

Equifax Information Services,
LLC; Experian Information
Solutions, Incorporated; Trans
Union LLC,

                    *Defendants.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Dennis W. Dohnal, Magistrate Judge.
(3:05-cv-00731)

Argued: March 20, 2008

Decided: May 14, 2008

Before MICHAEL and MOTZ, Circuit Judges, and
Irene M. KEELEY, United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Motz wrote the opinion, in
which Judge Michael and Judge Keeley joined.

_____

SAUNDERS V. BRANCH BANKING                                    17

damages award of $250,000). Indeed, BB&T has not identified *any* recent cases, let alone any FCRA case, in which a court has, for constitutional reasons, granted remittitur of a punitive damages award that was as low as $80,000. *Cf. EEOC v. Fed. Express Corp.*, 513 F.3d 360, 378 (4th Cir. 2008) (affirming $100,000 punitive damages award accompanying compensatory damages of $8,000).

We also conclude that a smaller award would not "serve as a meaningful deterrent" to BB&T. *Kemp*, 393 F.3d at 1365. As the court noted in *Bach*, "a punitive damages award must remain of sufficient size to achieve the twin purposes of punishment and deterrence." 486 F.3d at 155 (quotations and citations omitted). This is not to say that a $400,000 punitive damages award would be appropriate in this case, as it was in *Bach*. But reducing the punitive damages award of $80,000 here would leave little deterrent or punitive effect, particularly given BB&T's net worth of $3.2 billion. *See, e.g.*, *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 462 n.28 (1993) (plurality opinion) (noting that it is "well-settled" that a defendant's "net worth" is a factor that is "typically considered in assessing punitive damages"); *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1338-39 (11th Cir. 1999) (allowing $4.35 million punitive damages award despite "100:1 ratio of the punitive to the actual damages," because compensatory damages "are quite small" and "a bigger award is needed to attract the attention of a large corporation" (quotations and alterations omitted)).

C.

Upon consideration of the applicable guideposts, we cannot conclude that a punitive damages award of $80,000 is grossly excessive or arbitrary in this case. BB&T's conduct was sufficiently reprehensible to justify a punitive damages award, and remittitur of the current award would nullify any punitive or deterrent effect. We note that BB&T has identified no errors with the jury instructions, and the jury's decision not to award compensatory damages indicates that it was not unduly moved by sympathy or bias.

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.