

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

BRYCE CARRASCO, *

Plaintiff, *

v. * Case No.: SAG-21-532

M&T BANK, *

Defendant. *

\* \* \* \* \* \* \* \* \* \*
\* \* \*

DEFENDANT M&T BANK'S FIRST SET OF
REQUEST FOR ADMISSIONS DIRECTED AT PLAINTIFF BRYCE CARRASCO

TO: Plaintiff Bryce Carrasco FROM: Defendant M&T Bank
Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant M&T Bank ("M&T"), through its undersigned counsel, hereby requests that Plaintiff Bryce Carrasco ("Carrasco") answer the following requests for admission, no later than thirty days from the date of these Requests.
The following definitions and instructions shall apply to each and every part of this Request as if fully set forth therein:

INSTRUCTIONS
A.     Each matter is admitted unless, within 30 days after service of this Request, you serve a written answer or objection addressed to the matter, signed by you or your attorney.
B.     If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.
C.     You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that information known or readily obtainable by you is insufficient to enable you to admit or deny.
D.     If you do not admit an item, you shall:
a.     Produce to Plaintiff all documents concerning the requested admission in your possession, custody or control;
b.     State, with particularity, the factual basis upon which your response is based; and
c.     Identify each and every person with knowledge of the requested admission.
E.     These requests for admissions are continuing. You shall promptly supply by way of supplemental responses any and all additional information that may become known prior to any hearing in or trial of this action.
F.     Each request should be interpreted broadly so as to make any document or

information that may not otherwise be responsive to be covered by a request.

DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. Communication: The term "communication" means the transmittal of information by any means.
2. Concerning: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.
3. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."
4. Form or Forms: If documents are produced as electronically stored information, they shall be produced in the following form or forms: [to be determined by the requesting party consistent with Guideline 2.04 of the ESI Principles].
5. Occurrence/Transaction: The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word pleadings" is defined in Fed.R. Civ. P. 7(a).
6. Parties: The terms "plaintiff" and "defendant" (including, without limitation, third- party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.
7. Person: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.
8. Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association.
9. You/Your: The terms "you" and "your" and shall refer to Plaintiff Bryce Carrasco, together with his agents, representatives, accountants, attorneys, or any other person acting on his behalf.
10. The term "M&T" shall refer to Defendant M&T Bank, together with its officers, directors, members, agents, representatives, or any other person acting on its behalf.
11. The term "Credit Card" shall refer to the credit card issued by M&T to you, with account number ending in -6414.
12. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.
13. The term "Complaint" means the Complaint filed by Plaintiff in the above-

captioned case and any subsequent amended pleading.
14. The term "Answer" means the Answer filed by Defendant in the above-captioned case and any subsequent amended pleading.
15. The term "subject matter of this action" includes any and all matters and information which in any way pertain, refer or relate, address or mention any and all of the persons or matters, facts, circumstances, allegations, and occurrences set forth or referred to in the Complaint and any and all responses filed thereto.

REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1: Admit that the document attached hereto as Exhibit 1 (filed as ECF No. 15-1) is a true and accurate copy of the Account Activation Letter that you received from M&T.
Response: Admit.

REQUEST FOR ADMISSION NO. 2: Admit that the document attached hereto as Exhibit 2 (filed as ECF No. 15-5) is a true and accurate copy of the M&T Bank Visa Credit Card Agreement that you received from M&T with the Account Activation Letter.
Response: Plaintiff cannot truthfully admit or deny this request because he lacks knowledge or information sufficient to form a reasonable basis for admitting or denying the truth of the matter stated herein. For all other purposes, the plaintiff denies that that the document attached as exhibit 2 was received at the time he received the Account activation letter. Plaintiff did not discover the existence of Exhibit 2 prior to February 2021, and therefore he is not in a position to state the precise time at which such document was received so far as that time is prior to February of 2021. Therefore, plaintiff denies that he received the document attached as exhibit 2 "with" the account activation letter.

REQUEST FOR ADMISSION NO. 3: Admit that your M&T Credit Card was enclosed with the Account Activation Letter.
Response: Plaintiff cannot truthfully admit or deny because he lacks knowledge and information as to the truth of the matter requested to be admitted. Plaintiff denies request for admission No. 3 as far as it characterizes the M&T Credit Card as being "his" or to the extent to which such custody would imply his obligation to be bound by any set of obligations which were never properly brought to his attention when he opened the account ending in 6414 with the defendant.

REQUEST FOR ADMISSION NO. 4: Admit that you transferred a balance to your M&T Credit Card in August 2020.
Response: Plaintiff denies request for admission number 4 on the grounds that it mischaracterizes the transaction and nature of the balance transfer which took place in August 2020; plaintiff admits that at some time around when he applied for the credit card with M&T he requested that they remit payment in the amount of $2,200 to Bank of America. Since the plaintiff did not initiate the transaction, and never received any confirmation or verification of the receipt of said request for the wire transfer from M&T pertaining to the transaction, he denies that he transferred the balance and states that M&T sent a wire transfer to Bank of America to the benefit of Plaintiff in the amount of $2,200 which was completed on August 3, 2020.

REQUEST FOR ADMISSION NO. 5:   Admit that you did not make any payment on your M&T Credit Card in September 2020.

Response: Plaintiff denies request for admission number 5 on the basis that it implies that he was obligated to make any payment on the account opened with M&T Bank in September 2020. Plaintiff further states in response that he did not remit payment to the benefit of M&T Bank Corporation in the month of September of the year 2020. Plaintiff further states that he was not obligated to make such payment at such time and therefore this request overall mischaracterizes the relationship between M&T and the plaintiff with respect to the credit account opened which provided for 0% APR for the first twelve months of said account, and did not stipulate that any minimum or fixed amount would be imposed during the period which the account would be subject to said 0% APR for purchases and balance transfers.

REQUEST FOR ADMISSION NO. 6:   Admit that you did not make any payment on your M&T Credit Card in October 2020.
Response: Plaintiff denies request for admission number 6 on the basis that it implies that he was obligated to make any payment on the account opened with M&T Bank in October 2020. Plaintiff further states in response that he did not remit payment to the benefit of M&T Bank Corporation in the month of October of the year 2020. Plaintiff further states that he was not obligated to make such payment at such time and therefore this request overall mischaracterizes the relationship between M&T and the plaintiff with respect to the credit account opened which provided for 0% APR for the first twelve months of said account, and did not stipulate that any minimum or fixed amount would be imposed during the period which the account would be subject to said 0% APR for purchases and balance transfers.

REQUEST FOR ADMISSION NO. 7:   Admit that you did not make any payment on your M&T Credit Card in November 2020.
Response: Plaintiff denies request for admission number 7 on the basis that it implies that he was obligated to make any payment on the account opened with M&T Bank in November 2020. Plaintiff further states in response that he did not remit payment to the benefit of M&T Bank Corporation in the month of November of the year 2020, nor was he obligated to remit any such payment to the benefit of M&T Bank Corporation at such time based on the credit account which was opened and entered into by both parties based on the understanding that said account would be subject to 0% APR for the first twelve months of said account. Plaintiff further states that he was not obligated to make such payment at such time and therefore this request overall mischaracterizes the relationship between M&T and the plaintiff with respect to the credit account opened which provided for 0% APR for the first twelve months of said account, and did not stipulate that any minimum or fixed amount would be imposed during the period which the account would be subject to said 0% APR for purchases and balance transfers.

REQUEST FOR ADMISSION NO. 8:   Admit that you did not review any account statement for the Credit Card until December 2020.
Response: Plaintiff denies request for admission number 8. In further response, plaintiff asserts that he reviewed all relevant documentation when he opened the account, including the account activation letter, which did not state that he would be obligated to make any minimum monthly payments during the first twelve months of

the account. Plaintiff reviewed his obligations pursuant to the represenations made by M&T Bank based on all of the documents provided by M&T Bank, and none of the documents provided which related to his obligations under the credit account mentioned any obligation to remit payment during the first twelve months subsequent to the opening of said account with the defendant M&T Bank.

REQUEST FOR ADMISSION NO. 9: Admit that the first payment you made on the Credit Card was on December 22, 2020.
Response: Plaintiff denies request for admission number 9 on the basis that it implies that he was obligated to make any payment on the account opened with M&T Bank in December 2020. Plaintiff asserts that he did remit payment some time in December 2020 via telephone check but he further asserts that he was in no way obligated to make such payment at such time payment was remitted based on his obligations pursuant to the credit relationship then in existence between M&T Bank Corporation and the plaintiff.

REQUEST FOR ADMISSION NO. 10: Admit that you never advised M&T of any change of your address in in September 2020.
Response: admit. in further response, plaintiff states that he was under no obligation to advise M&T bank of any change in address at such time.

REQUEST FOR ADMISSION NO. 11: Admit that you never advised M&T of any change of your address in in October 2020.
Response: admit. in further response, plaintiff states that he was under no obligation to advise M&T bank of any change in address at such time.
REQUEST FOR ADMISSION NO. 12: Admit that you never advised M&T of any change of your address in in November 2020.
Response: admit. in further response, plaintiff states that he was under no obligation to advise M&T bank of any change in address at such time.
REQUEST FOR ADMISSION NO. 13: Admit that you never advised M&T of any change of your address in in December 2020.
Response: admit. in further response, plaintiff states that he was under no obligation to advise M&T bank of any change in address at such time.
REQUEST FOR ADMISSION NO. 14: Admit that you never advised M&T of any change of your address in January 2021.
Response: admit. in further response, plaintiff states that he was under no obligation to advise M&T bank of any change in address at such time.
REQUEST FOR ADMISSION NO. 15: Admit that you never advised M&T of any change of your address in February 2021.
Response: admit. in further response, plaintiff states that he was under no obligation to advise M&T bank of any change in address at such time.
REQUEST FOR ADMISSION NO. 16: Admit that you never advised M&T of any change of your address in in March 2021.
Response: admit. in further response, plaintiff states that he was under no obligation to advise M&T bank of any change in address at such time.
REQUEST FOR ADMISSION NO. 17: Admit that you never advised M&T of any change of your address in in April 2021.
Response: admit. in further response, plaintiff states that he was under no obligation to advise M&T bank of any change in address at such time.

Certificate of Service: I hereby certify that the foregoing responses to defendant's first set of requests for admission were served on Brian Moffet on June 25, 2021 via electronic mail.

/s/Bryce Carrasco
Date: 6/25/2021