**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BRYCE CARRASCO,             *

     Plaintiff,             *

v.                    *     Case No.:  1:21-CV-00532-SAG [BOC Edits]

M&T BANK,              *

     Defendant.           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT M&T BANK'S REPLY**
**IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant M&T Bank ("M&T"), through its undersigned counsel, submits this Reply in Support of its Cross-Motion for Summary Judgment ("Cross-Motion") on the claims asserted by Plaintiff Bryce Carrasco in the First Amended Complaint. Despite filing 76 pages of memoranda and more than 125 pages of exhibits, Plaintiff has not only ~~failed to show~~ proven that he is entitled to summary judgment as a matter of law but, more importantly, M&T has failed to demonstrate a dispute of material fact so as to avoid entry of summary judgment in his favor ~~of M&T.~~

**I.     INTRODUCTION**

Throughout the course of this litigation, Plaintiff has consistently maintained and proven that ~~his admitted failure~~ he was under no obligation to make ~~the~~ any minimum monthly payment on his credit card account, because M&T failed to deliver documentation, and M&T therefore had no contractual basis to expect Plaintiff to make any payment for the first twelve billing cycles. This was not because he neglected to check his mail or monitor his account during the three-month period when he moved back home to live with his parents, but rather the result of ~~an~~ various M&T advertisement~~s~~ promoting a 0% APR for 12 billing cycles, *thereby implying ~~and~~ no monthly payment requirements, due to the Time Value of Money inherent in the cost of credit*. ~~While~~ Plaintiff ~~never~~ produced ~~the~~ several advertisement~~s~~ that ~~supposedly~~ implicitly ~~offered~~

provided for no minimum monthly payments for the first 12 months—because ~~it does not~~ many such advertisements exist in fact—Plaintiff also ~~did~~ produced ~~the~~ a pamphlet which was received at some time which has not been established in any way based on admissible evidence, which M&T has attempted to infer as being an executed Credit Agreement he received with his credit card in July 2020, despite having no evidence to support the assertion that this pamphlet was in fact received in July 2020. ~~-~~ Plaintiff denied this and furthermore, as Plaintiff, I have no idea when this pamphlet was delivered/received, because I did not discover its existence until February, 2021, shortly before filing this lawsuit. M&T and its counsel know this, but continue to ignore such facts and continue to falsely state that this pamphlet was delivered in July of 2020, in bad faith and in an attempt to fraudulently advance a narrative it knows to be untrue. ~~By using his credit card to transfer a balance from another credit~~

~~card,~~ Plaintiff never agreed to the terms of that agreement, ~~including the~~especially any obligation to make a minimum monthly payment. The only reason Plaintiff opened the account was because Drew Solice told him that the account would not be subject to minimum monthly payments during the first twelve months pursuant to the promotional offer advertised. This undisputed, material fact is ~~fatal~~ irrelevant to Plaintiff's FCRA claim, because M&T nevertheless reported incomplete information eight times in responding to disputes pursuant to §1681i(a)(2), in violation of §1681s-2(b), subjecting it to liability under §1681n, of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Plaintiff recognizes this, but to drive the point home ~~and resorts to attacking~~ attacks the Credit Agreement "six ways to Sunday" because the language is weak, and unenforceable ~~but~~, as explained below, ~~none of~~ Plaintiff~~'~~s arguments ~~is~~ are all sufficient ~~to avoid~~ to show that he is entitled to entry of summary judgment in his favor ~~of~~against M&T on Count I of the Amended Complaint, as well as Count II, despite the tired arguments set forth by M&T and its Counsel Brian Moffet.

Plaintiff takes a very different approach with regard to his TILA claim and appears to concede that this claim involves questions that are suitable for the court to adjudicate as a ~~fails as a~~ matter of law. Other than acknowledging M&T's tired argument that there is no private right of action for violating TILA's credit advertising provisions as not "technically in~~correct,"~~ Plaintiff offers ~~nothing in~~ an abundance of support of the claim, in addition to proving that M&T is guilty of fraud. ~~Plaintiff's failure to address or otherwise respond to M&T's arguments constitutes a waiver or abandonment of his TILA claim, entitling~~ M&T ~~to summary judgment on Count II of the Amended Complaint~~violated TILA as a matter of law, 15 U.S.C. §§ 1601-1667, therefore summary judgment must be entered in Plaintiff's favor on Count 2 of the Amended Complaint, which M&T has failed to respond to with a non-frivolous legal defense.

Next, Plaintiff pivots and attacks the admissibility of the exhibits attached to M&T's Cross-

Motion. Plaintiff's evidentiary challenges are ~~not~~ sustainable because all 27 exhibits supporting M&T's Cross-Motion were either produced by Plaintiff in discovery or authenticated by a supporting affidavit. As such, there can be no dispute as to their authenticity or genuineness, and their relevance is apparent on their face. The manner in which M&T relies on the exhibits produced by Plaintiff constitute inadmissible hearsay evidence, because Plaintiff did not produce the documents to prove the truth of the contents stated therein, but rather were produced as evidence of the truth of Plaintiff's statement that no contract existed between M&T and Plaintiff, because M&T failed to deliver documentation, in addition to the fact that M&T had no record of any contractual documents underlying the account opened by plaintiff. That these documents were produced by Plaintiff does not result in an admission that the documents are binding in any way, and therefore any purported attempt to use the documents to prove the truth of the assertion that Plaintiff was bound is simply not permissible under the Federal Rules of Evidence.

Equally misguided is Brian Moffet's view that Plaintiff'~~s~~ has attempt~~ed~~ to amend his already-amended complaint, when Plaintiff has only provided valid legal arguments to reinforce the merits of his claims as alleged in the complaint, not to assert new claims against M&T through summary judgment briefing. It is well established in the Fourth Circuit and in Maryland, that ~~a plaintiff~~ a non-movant cannot rest on the pleadings and resort to speculation and the compilation of special inferences to survive a properly supported motion for summary judgment, and M&T is unable to establish a genuine dispute of material fact to preclude entry of judgment as a matter of law in Plaintiff's favor ~~amend his pleading through the filing of an opposition to summary judgment~~. Accordingly, ~~Plaintiff's~~ M&T's effort to keep this case alive by asserting new unsupported and ~~different~~ meritless ~~claims~~ defenses ~~against M&T~~ none of which are ~~similarly supported by admissible evidence~~ ~~without merit~~ must be rejected and summary judgment must be entered in Plaintiff's favor.

Before further discussing these arguments below, M&T is compelled to address a threshold issue concerning Plaintiff's untimely and improperly filed *second* Opposition to M&T's Cross Motion for Summary Judgment. *See* ECF No. 91

## II.    ARGUMENT

**A. This Court Should Not Consider Plaintiff's Second "Opposition/Reply" Because It Is Untimely, Improperly Filed And Otherwise Fails To Meet The Standard For Opposing Summary Judgment.**

Despite his protestation that M&T should be required "to follow the same rules that all parties are expected to follow" (ECF No. 14), Plaintiff rejects this viewpoint himself and continues to litter the docket with multiple, improper and untimely filings. As the record reflects, M&T filed its Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion on August 10, 2021. *See* ECF No. 88. This Court's Local Rules required Plaintiff to file a *single* "opposition/reply" fourteen days later. *See* L.R. 105.2(a) and (c). On August 23, 2021, Plaintiff filed what M&T believed to be his opposition/reply—a 13-page memorandum supported by three exhibits. ECF No. 90. Then, to the surprise of M&T, which already started drafting its reply brief, Plaintiff filed a *second* "opposition/reply" on August 27, 2021 that included an additional 30-page memorandum and another four exhibits. Not only does Plaintiff's second "opposition/reply" violate this Court's Local Rules, but it also is untimely without any explanation as to Plaintiff's "inability to adhere to the normal rules that apply to civil actions." ECF No. 14. This section is a pathetic attempt to ignore the strong arguments of the Plaintiff, to which M&T has no counterargument other than frivolous technical arguments unrelated to the underlying merits of the case.

While M&T is mindful of Plaintiff's *pro se* status, "a self-represented litigant is not excused from following the Federal Rules of Civil Procedure or the Local Rules." *Qiydaar v. People Encouraging People, Inc.*, No. CV ELH-17-1622, 2020 WL 4286831, at *3 (D. Md. July 27, 2020). If this was the first time Plaintiff overlooked the rules, it may be excusable. However,

from the inception of this litigation, Plaintiff has shown a conscious disregard of the rules of

procedure at the expense of both the Court and M&T. *See, e.g.,* ECF Nos. 24, 32, 39, 84. This Court should no longer tolerate Plaintiff's failure to follow, or just plain ignorance of, the rules and should decline to consider Plaintiff's second "opposition/reply" as untimely and improperly filed. *See, e.g., Wonasue v. Univ. of Maryland Alumni Ass'n*, No. PWG-11-3657, 2013 WL 5719004, at *5 (D. Md. Oct. 17, 2013) (recognizing that "Courts in the Fourth Circuit also have granted summary judgment without considering untimely oppositions"); *Feargrounds, LLC v. Old Time Contractors, Inc.*, No. CIV. WDQ-10-0087, 2010 WL 1759577, at **1-2 (D. Md. Apr. 30, 2010) (holding that bankruptcy court did not abuse its discretion in refusing to consider Chapter 7 debtor's untimely opposition to creditor's summary judgment motion). Once again, M&T shows its desperation in using technicalities against a self-represented litigant. M&T has found a lawyer in Brian Moffet who has no class or natural talent, and is willing to parrot these petty arguments for a fee, thereby reducing him to nothing more than a puppet, rather than a legitimate attorney at law. He disgraces himself and destroys his own integrity in so doing, and furthermore he is culpable in aiding a criminal enterprise to commit fraud in the federal courts.

Even if this Court were inclined to allow Plaintiff to have "two bites of the apple," there is little in Plaintiff's second "opposition/reply" that is properly before this Court on summary judgment. "Assertions in the form of legal conclusions and denials unsupported by documentation or specific facts . . . are insufficient to create issues of material fact that would preclude summary judgment." *Candlewood Obstetric-Gynecologic Assocs., P.C. Ret. Tr. v. Signet Bank/Maryland*, 805 F. Supp. 328, 332 (D. Md. 1992). Yet, this is precisely what is set forth in Plaintiff's second "opposition/reply." Approximately sixteen of the thirty-page filing is devoted to "Incontrovertible Facts" but many of the statements in this section are not facts at all but rather unsupported—and often incorrect—"legal" conclusions based on Plaintiff's own opinion.[1] *See, e.g.*, ECF No. 91 at 9-10. Further, the statements that arguably constitute facts are either distorted summaries prepared

by Plaintiff (ECF No. 91 at 6-7) or excerpts from select documents (ECF No. 91 at 21-25) that

often are not specifically referenced in or attached to Plaintiff's second "opposition/reply" or are

---

[1] Plaintiff also includes a lengthy discussion about the "Internal Rate of Return." ECF No. 91 at 7-9. In addition to the absence of any authority supporting Plaintiff's description and use of the term, its relevance to Plaintiff's FCRA and TILA claims is far from clear.

Obviously it is  unclear to Moffet, because he possesses no intelligence or social  awareness .

statements unsupported by affidavit based on personal knowledge.[2] *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) ("Federal Rule of Civil Procedure 56(e) specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge."). M&T truly has no self-awareness, as it only a short time ago submitted a falsified affidavit, obviously manipulated and perjured, by an administrative supervisor in one of its call centers (Kathleen Evans), in attempt to defraud the sanctity of our judicial process and deceive this court through the use of fraudulent affidavits. It is worthwhile to ask, why not one of the several employees from M&T who actually have personal knowledge of the relevant events, offered testimony.

This same section of Plaintiff's second "opposition/reply" also references three credit reports apparently issued by third parties (ECF No. 91 at 10) and attaches select pages of these credit reports as Exhibits B, C, and D, without an authenticating affidavit. Plaintiff follows the same course with respect to the "Valuation Appendix"[3] also attached to his second "opposition/reply." Documents submitted in opposition to a motion for summary judgment must "be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)."[4] *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999) (citing *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)). Consequently, "unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi*, 999 F.2d at 92 ("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment."). Accordingly, to the extent Plaintiff's second "opposition/reply" is based on

---

[2] M&T recognizes that the last page of Plaintiff's second "opposition/reply" contains a certification under the penalty of perjury but the certification is not based on personal knowledge. ECF No. 91 at 30. Nor could it be since the certification purports to cover all 30 pages of Plaintiff's second "opposition/reply," making it impossible to discern which statements are supported by affidavit and which statements are based on Plaintiff's personal knowledge. *See, e.g., Barwick v. Celotex Corp.*, 736 F.2d 946, 959-60 (4th Cir. 1984) (plaintiff's affidavit did not meet the requirements of Rule 56(e) because the affidavit contained conclusory statements without specific facts and did not set forth facts upon which the plaintiff had personal knowledge).

[3] Plaintiff represents that the "Valuation Appendix" includes "selected civil penalties imposed by the" CFPB. Not

only is this document immaterial to the issues before this Court, it lacks any indicia of authenticity and is not evidence for purposes of summary judgment. Indeed, the exhibit is a bare, two-page excerpt (not including the cover page) from some other document, provides no context for why the chart was published, what issues it was intended to address, and contains no explanation for why these enforcement actions as opposed to other enforcement actions were selected for inclusion or how the penalty amounts were calculated. While Plaintiff represents that the document is from the CFPB, there is nothing on the face of the document confirming that fact, and Plaintiff provides no citation to the Court indicating where this document can be found. The source documents are literally hyperlinked on the last page of the Valuation Appendix.

[4] As discussed in Section II.D below, documents produced by a party opponent during discovery. These documents are self-authenticating and do not require a supporting affidavit.

these "unsworn, unauthenticated" credit reports and Valuation Appendix, it is insufficient to create a dispute of fact that would preclude summary judgment in favor of M&T. M&T should be sanctioned for repetitiously committing perjury in open defiance of this court. Brian Moffet has affixed his signature on multiple occasions to filings which he knows contain untrue statements and therefore he must be disbarred, and his law firm needs to be leveled with a fine which sends a message that perjury and aiding and abetting fraud will not be permitted in the federal courts.

Plaintiff concludes by addressing the eight responsive ACDVs attached to M&T's Cross-Motion and claims in summary fashion that "all of this information . . . was inaccurate." ECF No. 91 at 14-20. Because M&T's Cross-Motion addresses each ACDV in detail and establishes the accuracy of the reported information, M&T will not do so again here. *See* ECF No. 88-2 at 9-12. However, it is important to recognize the many demonstrably false statements contained in Plaintiff's second "opposition/reply." Here is just one example. In addressing responsive ACDV 1, which is dated January 5, 2021, Plaintiff claims that M&T's reporting of the account as 90-119 days past due and having a balance of $2,382 was inaccurate. Yet, Plaintiff admitted that he did not make any payments on the account in September, October, and November 2020 and the December 2020 Account Statement reflects the same account balance that M&T was reporting as of December 16, 2020.[5] Does M&T mistake this court to be a fool? These criminals continue to knowingly perjure themselves and Brian Moffet parrots these false statements on their behalf. I would like to know who really is writing these documents, unless Moffet is willing to take full responsibility for everything he is filing for M&T. If so, he should be disbarred and his law firm needs to be sanctioned. This Court should sua ponte santion Moffet for his repeated acts of aiding fraudulent assertions which he knows have no evidentiary support.

Plaintiff also claims the information reported by M&T in the ACDVs was incomplete

because it did not report "the disputed nature of the account." ECF No. 91 at 14-20.
Notwithstanding Plaintiff's many communications with M&T,[6] nothing in the FCRA obligates
M&T to mark Plaintiff's account disputed in perpetuity. Only if M&T is unable to verify the
accuracy of the information should it mark the account disputed. As the record before this Court
indicates, that was never the case, and, in any event, Plaintiff's dispute was not bona fide given

---

[5] *See* ECF No. 88-19 (Ex. 17), reflecting "Date of Account Information" as "12-16-2020."

[6] Plaintiff continues to press the argument that he disputed the derogatory credit information directly with M&T.
*See* ECF No. 91 at 12, 21-25. Notwithstanding the fact that a direct dispute with a creditor does not trigger any
duties under § 1681s–2(b)—which is the section of the FCRA that Plaintiff contends M&T violated—none of
Plaintiff's emails or phone calls or his personal statement are properly considered direct disputes because, by
Plaintiff's own admission, they were not sent "directly to the [furnisher] at the address specified by the
[furnisher] for such notices" as required by § 1681s–2(a)(8)(D). *See* ECF No. 88-2 at 16 n. 18.

the clear and explicit terms of the Credit Agreement that Plaintiff accepted when he used the credit card. In what world? This frivolous argument merits sanctions in and of itself. In no way shape or form does this represent anything than an intentional effort to delay the course of these proceedings and obstruct the sound administration of justice. This can no longer be tolerated and Brian Moffet must be sanctioned for placing his signature on court filings which are filed in complete bad faith with no legitimate purpose other than to cause unnecessary delay.

Accordingly, even if the Court considers Plaintiff's second "opposition/reply" *in addition to* the "opposition/reply" filed on August 23, 2021, Plaintiff has not raised a dispute of material fact sufficient to defeat summary judgment in favor of M&T. This is knowingly false and represents a baseless assertion aimed only at delaying a determination and furthermore constitutes a sanctionable offense worthy of disbarment. Brian Moffet was placed on notice months ago that he would be called out for saying things which are clearly not supportable based on admissible evidence, and his willingness to continue to act in sheer defiance of the federal rules of civil procedure can no longer be tolerated and it is an utter disgrace and ultimate show of disrespect by both Moffet and M&T Bank.

**B. The Credit Agreement Governs The Relationship Of The Parties And Establishes That Plaintiff Failed To Satisfy His Repayment Obligations As Accurately Reported To The CRAs.**

Recognizing that the existence of the Credit Agreement is the death knell to his FCRA claim, Plaintiff mounts several attacks against the agreement. However, none of his arguments defeat the entry of summary judgment in favor of M&T. This pretentious tone may have been tolerable at the motion to dismiss stage but this can no longer be viewed as acceptable conduct in a federal court action. This literally is an attempt to turn these proceedings into a circus act and is inexplicable by an attorney and member of this bar. Brian Moffet continues to show his lack of civility or respect for the federal judiciary and he needs to be leveled with what is needed to

11

preserve the sanctity of our court system. Brian Moffet makes these statements which are knowingly contradicted and contrary to the truth and as a result he is guilty of committing perjury.

*First*, Plaintiff claims that the Credit Agreement is inadmissible because it is a "falsified copy" of some other agreement. ECF No. 90 at 8. While the factual basis for this claim is not entirely clear, there is no dispute that the Credit Agreement attached as Exhibit 3 to M&T's Cross-Motion is the same agreement that Plaintiff received from M&T when "they sent the physical card in the mail" and therefore, is the agreement that governs Plaintiff's relationship with the bank.[7] ECF No. 88-5 at 1 (also ECF No. 15-5). This is a knowingly false statement. Brian Moffet must be sanctioned. I can point out over 10+ instances where he has signed filings which contain knowingly false assertions. He continues to show contempt in his willingness to file documents for improper purposes, in violation of the federal rules of civil procedure.

*Second*, Plaintiff contends that the Credit Agreement is not binding because there is no evidence of "mutual assent . . .with respect to any minimum payment requirement." ECF No. 90

---

[7] Plaintiff characterizes the Credit Agreement as "stale" because it is an earlier version of the agreement that M&T provided to the CFPB in response to one of Plaintiff's many complaints he filed with the agency in February 2021. *See* ECF No. 88-5 at 1. The Credit Agreement attached as Exhibit 3 contains a reference to "11/19" whereas the agreement M&T provided to the CFPB apparently has a date of "5/1/2020." *Id.* Because Plaintiff opened his credit card account on July 17, 2020—two months after the date of the more recent agreement—he questions the legitimacy of the Credit Agreement that M&T provided with his credit card. This is a red herring. It is undisputed that Plaintiff received the Credit Agreement attached as Exhibit 3 in July 2020 --- [FALSE STATEMENT – SEE REQUEST FOR ADMISSIONS] and that is the Credit Agreement that Plaintiff "accept[ed], agree[d] to, and [became] bound by" when he activated the account and initiated the balance transfer on August 3, 2020. ECF No. 62, ¶¶ 8, 12, ECF No. 88-5 at 3.

at 8. To the contrary, Plaintiff "accept[ed], agree[d] to, and [became] bound by" the terms and conditions in the Credit Agreement when he activated the credit card by transferring to it a $2,200 balance that he owed on another credit card on August 3rd.  ECF No. 62, ¶ 12; ECF No. 88-5 at 3 ("Responsibility"); *see also Mangahas v. Barclays Bank Del.*, No. SACV 16-00093 JVS (JCGx), 2016 WL 11002179, at *2 (C.D. Cal. May 9, 2016) ("[The plaintiff's] use of the credit card constituted assent to the terms of the cardmember agreement, including its arbitration provision."). These same terms and conditions required Plaintiff to "pay at least the Minimum Monthly Payment shown on the statement . . .[b]y the date shown on any statement for [Plaintiff's] Account" (ECF No. 88-5 at 7) and Plaintiff admittedly failed to do so for several months. *See* ECF No. 88-10 at 4.

*Third,* Plaintiff suggests that the Credit Agreement was not "actually mailed" to him and contends that he "did not receive the agreement until February 2021." ECF No. 90 at 9, 11. It appears that Plaintiff may be referencing the agreement dated "5/1/2020" that was included in M&T's response to one of Plaintiff's complaints to the CFPB. To the extent this is the case, that agreement is immaterial because that is not the agreement that was sent to Plaintiff and is not the agreement that M&T is relying on in support of summary judgment. Indeed, as alleged in the Amended Complaint and acknowledged by Plaintiff in other court filings, the Credit Agreement attached as Exhibit 3 to M&T's Cross-Motion was received by Plaintiff in the mail in July 2020 before he activated his account and initiated the balance transfer. ECF No. 62, ¶¶ 8, 12; ECF No. 88-5 at 1. FALSE. Sanctionable act of perjury by Brian Moffet.

*Fourth*, Plaintiff attacks the language of the Credit Agreement itself and claims that the definition of "Payment Due Date" is somehow confusing and one of the events of default is "inequitable and unlawful." ECF No. 90 at 11, 12. While M&T maintains that the Credit Agreement is clear on its face and fully enforceable, neither of these challenges have anything to

do with Plaintiff's obligation and agreement to "pay at least the Minimum Monthly Payment shown on the statement." ECF No. 88-5 at 7. Hearsay, inadmissible and circumstantial inference which is contradicted by the evidence on the record, and therefore constitutes a sanctionable offense by Brian Moffet.

Plaintiff also contends that because the definition of "Minimum Monthly Payment" did not include a definition for "Payment Due Date," he was "unfairly, unreasonably and irrationally expected to determine the dates which minimum payments' [sic] were due." ECF No. 90 at 12. To the contrary, the same section of the Credit Agreement that obligates Plaintiff to make a minimum monthly payment also provides that such payment must be made "by the date shown on any statement for [Plaintiff's] account." ECF No. 88 at 7. Consistent with this language, every statement that M&T mailed to Plaintiff, and that Plaintiff admittedly received, discloses the specific date on which the minimum monthly payment for that month is due and Plaintiff admittedly did not make the payment by that date in September, October, November and December 2020 in breach of his obligations. *See* ECF Nos. 88-6, 88-8, 8-10 at 4, 88-12, 88-14, 88-17, 88-18. Given that Plaintiff is a college graduate and works in the field of investment banking (ECF No. 90 at 1), the suggestion that he was not able to ascertain the date on which each minimum monthly payment was due is simply not credible. Accordingly, Plaintiff's failure to pay the debt has nothing to do with the language of the Credit Agreement but rather is the result of Plaintiff's failure to read the agreement and/or monitor his account during the three-month period when he moved back home to live with his parents. These statements are made with knowledge of their falsity and therefore are sanctionable under Fed.R.Civ.P. 11. Brian Moffet has willfully committed repeated acts of perjury in affixing his signature on these filings in bad faith.

**C. Plaintiff Concedes That His TILA Claim Fails As A Matter Of Law And That M&T Is Entitled To Summary Judgment On Count II Of The Amended Complaint.**

In support of summary judgment on Count II of the Amended Complaint, M&T explains

that there is no private right of action for allegedly violating TILA's credit advertising provisions. ECF No. 88-2 at 20-22. M&T also sets forth the credit advertising requirements under TILA and its implementing regulations, Regulation Z, and points out that neither requires any disclosure

concerning the minimum requirement payment amount. *Id.* at 23. As to the former, Plaintiff recognizes the argument as "technically correct" (ECF No. 91 at 1), and as to the latter, Plaintiff ignores the argument altogether and makes no effort to defend his TILA claim.[8] This Court should grant M&T summary judgment on Count II because either Plaintiff agrees that there is no private right of action or Plaintiff has abandoned his TILA claim by failing to address the claim in opposition to M&T's Cross-Motion. *See Mentch v. Eastern Savings Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) ("[Plaintiff] abandoned her harassment claim by failing to address that claim in her opposition to [defendant's] motion for summary judgment, or to offer clarification in response to [defendant's] reply brief."). I do not think that M&T even understands the Plaintiff's arguments and therefore its rebuttal is simply a reflection of its lack of intellectual capacity.

### D. The Exhibits Attached To M&T's Cross-Motion Are Admissible For Purposes Of Summary Judgment And Plaintiff's Arguments To The Contrary Are Without Merit.

In opposition to Plaintiff's motion for summary judgment and in support of its Cross-Motion, M&T attached 27 exhibits that either were produced by Plaintiff in discovery (Exs. 1-3, 8, 26-27) or were authenticated by a supporting affidavit (Exs. 4-7, 9-25). Notwithstanding the admissibility of these documents, Plaintiff objects to the entire collection of exhibits on the basis that they have been "manipulated." ECF No. 90 at 5. To the contrary, M&T merely highlighted the material portions of each exhibit for the Court's convenience—like many judges in this District request and some even require. To the extent Plaintiff is concerned that the highlighted information may be read out of context, the complete exhibit is available for the Court's review and

---

[8] Plaintiff attaches another advertisement for an M&T credit card to his initial "opposition/reply" and contends that this advertisement also is "illegal." ECF No. 90 at 9. Although not specifically stated, M&T assumes the advertisement relates to Plaintiff's TILA claim. Even if this is the case, there are two problems with the advertisement. First, Plaintiff did not provide the advertisement in discovery and the law is clear that a party cannot rely on a document not produced during discovery to oppose summary judgment. Fed R. Civ. P. 37(c) (recognizing that if a party fails to provide information or to produce a document in discovery, he may not rely upon it in opposing a motion for summary judgment). Second, while Plaintiff contends the advertisement is "illegal," he fails to provide the basis for his contention or cite any law supporting his claim. Accordingly, even

if Plaintiff could rely on this new advertisement, it is unclear how it supports any of his claims.

consideration. Other than redacting certain personal identifying information in accordance with Fed. R. Civ. P. 5.2(a), M&T did not alter the exhibits in any respect.

Next, Plaintiff claims that Exhibits 1 through 3 are inadmissible for a variety of reasons, despite the fact that *he* produced all three documents in discovery and identified two of the documents in *his* "Proposed Exhibit List" filed with the Court. *See* ECF No. 15 (Exs. 2 and 3). It is well settled that "[d]ocuments produced in response to discovery requests are admissible on a motion for summary judgment since they are self-authenticating and constitute the admissions of a party opponent." *Anand v. BP West Coast Prods., LLC*, 484 F. Supp. 2d 1086, 1092 n. 11 (C.D. Cal. 2007); *see also Snyder v. Whittaker Corp.,* 839 F.2d 1085, 1089 (5th Cir. 1988); *United States v. Lawrence*, 934 F.2d 868, 871 (7th Cir. 1991); *Resolution Trust Corp. v. Eason,* 17 F.3d 1126, 1131 (8th Cir. 1994); *Denison v. Swaco Geolosraph Co.,* 941 F.2d 1416, 1423 (10th Cir. 1991); *United States v. Varner,* 13 F. 3d 1503, 1509 (11th Cir. 1994); *Maljack Prods., Inc., v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir. 1996) (concluding documents produced in discovery were deemed authentic when offered by the party-opponent). Moreover, all three exhibits (save for the cover emails to Exhibits 1 and 3, which constitute admissions of a party opponent under FRE 801(d)(2)) were either provided to Plaintiff or made available to Plaintiff by M&T, and by relying on these documents in support of summary judgment, M&T stipulates to their authenticity and genuineness. Accordingly, Plaintiff's conclusory objections to Exhibits 1, 2, and 3 are without support. *This is pathetic and shows that Brian Moffet does not even understand what hearsay actually means.*

Equally unpersuasive is Plaintiff's objections to the admissibility of his monthly account statements attached as Exhibits 4, 6, 10, 12, 15, 16, and 25 to M&T's Cross-Motion and authenticated by affidavit. According to Plaintiff, the statements are irrelevant, fraudulent, and lack probative value. *See* ECF Nos. 90 at 7; 91 at 26-27. While Plaintiff references FRE 401, 402,

and 403 (ECF Nos. 90 at 7; 91 at 26-27), he does not articulate any facts or cite any law supporting his evidentiary challenges. On this basis alone, Plaintiff's objections must be rejected. *See Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, 348 F. Supp. 3d 458, 464 (D. Md. 2018) (denying motion to strike exhibits to motion for summary judgment because "[a]lthough Mt. Hawley references rules of evidence, the motion takes a kitchen-sink approach to framing its objections in only the most general terms"); *Ross v. Ricciuti,* Civ. No. WDQ-11-181, 2015 WL 3932420, at *9 (D. Md. June 24, 2015) (denying motion to strike one affidavit as inadmissible hearsay and consequently denying motion to strike all other affidavits because litigant "only made a general objection to the affidavits as hearsay"). Brian Moffet is either incompetent or culpable in aiding and abetting a criminal enterprise. The next filing by M&T should be filed by Laura O'Hara or Elizabeth Bailey, as they continue to hide behind Moffet, and I do not even think he knows half of the things which he files. He is not actually a real lawyer, simply a puppet for corporations to use to file documents without having to take any responsibility for anything they file on the docket. This completely frustrates any semblance of accountability and should no longer be tolerated.

Nevertheless, inasmuch as M&T has the burden to establish that it is entitled to summary judgment, Plaintiff's monthly account statements are not only relevant and material, since they reflect the precise information that Plaintiff is disputing with the CRAs, but are also admissible business records under FRE 803(6). *See* ECF No. 89, Affidavit of Kathleen Evans, ¶ 3. Accordingly, like the rest of the exhibits attached to M&T's Cross-Motion, Plaintiff's monthly account statements are properly before this Court and are admissible for purposes of summary judgment. Plaintiff's unsupported claims to the contrary are without merit and should be rejected.

## E. Plaintiff Has Not Asserted A Claim Against M&T For Fraudulent Misrepresentation And Cannot Amend His Already-Amended Complaint Through Briefing On Summary Judgment.

Despite the Amended Complaint asserting only two claims against M&T—one for

19

violating the FCRA and the other for violating TILA—the first five pages of Plaintiff's first "opposition/reply" accuse M&T of making fraudulent misrepresentations concerning the terms of his credit card (ECF No. 90 at 1-5), and Plaintiff's second "opposition/reply" appears to seek declaratory and injunctive relief based on a claim of fraud (ECF No. 91 at 1, 6). Notwithstanding

the fact that Plaintiff's accusations are belied by the clear and express terms of his Credit Agreement (Ex. 3 to M&T's Cross-Motion), Plaintiff cannot "amend [his] complaint through argument in a brief opposing summary judgment." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 436 (D. Md. 2006) (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir.1996)); *see also Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n. 4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998); *see also Barclay White Shanska, Inc. v. Batelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) (holding that a plaintiff cannot amend his complaint through the filing of an opposition to summary judgment). Accordingly, to the extent Plaintiff is now trying to assert a claim for fraudulent misrepresentation or seek declaratory and injunctive relief based on a claim of fraud, those claims are not properly before this Court and his arguments supporting the claims should be rejected. *See Yin Wen Chen v. Royal Garden Adult Med. Daycare Ctr., Inc.,* No. CV SAG-17-2087, 2018 WL 6394157, at *7 (D. Md. Dec. 6, 2018) (applying *Sensormatic* to reject plaintiff's attempt to add new employment claims in his briefing opposing summary judgment after he failed to raise the allegations in either his initial complaint or amended complaint); *Jones v. Chapman*, No. CV ELH-14-2627, 2017 WL 2472220, at *36 (D. Md. June 7, 2017) (refusing to consider bystander liability claim when asserted for first time in opposition to summary judgment); *Smith v. Integral Consulting Servs., Inc.*, No. CV DKC 14-3094, 2016 WL 4492708, at *14 (D. Md. Aug. 26, 2016) (rejecting claim for promissory estoppel raised in opposition to motion for summary judgment where amended claim asserted only breach of contract claim).

### III.    CONCLUSION

For the foregoing reasons, and those set forth in M&T's Opening Memorandum, this Court should grant summary judgment in favor of M&T on all claims asserted in the Amended Complaint and deny Plaintiff's Motion for Summary Judgment.

Respectfully submitted,


*/s/ Brian L. Moffet*
Brian L. Moffet (Fed. Bar No. 13821)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: (410) 727-6464
bmoffet@milesstockbridge.com

Joshua R. Chazen (Fed. Bar No. 06837)
MILES & STOCKBRIDGE P.C.
1201 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
Tel: (202) 465-8388
jchazen@milesstockbridge.com

*Attorneys for Defendant M&T Bank*


### CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2021, a copy of the foregoing was served on the following via ECF and via first class mail, postage prepaid:

Bryce Carrasco
334 Ternwing Drive
Arnold, MD 21012


*/s/ Brian L. Moffet*
Brian L. Moffet (Fed Bar No. 13821)