IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRYCE CARRASCO,<br><br>    Plaintiff,<br><br>        -against-<br><br>M&T BANK,<br><br>    Defendant. | Civil Action<br><br>No. 21-532-SAG |

PLAINTIFF'S OMNIBUS MOTION FOR ENTRY OF FINAL JUDGMENT

**I.    Plaintiff's motion for expedited ruling on his Motion for Summary Judgment**

Plaintiff requests that this Court enter a determination regarding his entitlement to Summary judgment per his motion which was filed on July 26, 2021. This motion is being filed on September 8, 2021, and thus 45 days will have elapsed since his initial motion was entered on the docket as ECF 85, and the Court has not provided any request for additional information or clarification as to the underlying merits of his original motion, and therefore, it is ripe for resolution, and Plaintiff makes this request so that M&T Bank is no longer allowed to abuse the legal process.

**II.    Plaintiff's First Motion for the Court to take Judicial Notice**

And furthermore the Court should take judicial notice that the cross motion for Summary Judgment filed by M&T on August 10, 2021, is not a "properly supported motion for summary judgment" based on the clear and time-tested standards laid out by the Supreme Court in 1986. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

**III.    Plaintiff's Motion Supporting his motion for Sanctions on Brian Moffet**

Plaintiff also states in support of his motion for sanctions on Brian Moffet, ECF 94, because, in filing a meritless and frivolous summary judgment motion, ECF 88, with 30 exhibits, all of which immaterial to the ultimate issues of whether M&T failed to correct misleading information reported in violation of § 1681s-2(b), in addition to the fact that nearly every single exhibit filed by M&T is cumulative evidence aimed at obfuscating the dispositive issues before the Court, thereby constituting a knowing and willful perversion of the legal process, in violation of the

Federal Rules of Civil Procedure, Federal Rules of Evidence, and Substantive Federal Common Law Jurisprudence, all of which are manifestly evident upon thoughtful examination of the actual substance of the motion, and the manner in which it was filed. The cross motion for summary judgment was not properly supported, by any standard which is binding on this Court via Fourth Circuit and Supreme Court Jurisprudence, and therefore any further delay in acknowledging that M&T has failed to provide an adequate response to Plaintiff's Motion for Summary Judgment, ECF 85, would result not only in the utmost prejudice to Plaintiff, but would also violate the substantive rights of the Plaintiff, which are explicitly protected under the United States Constitution and the Amendments thereto.

Plaintiff understands and respects that the Court should observe procedural due process rights of all parties, but there is no longer any justification for not making a determination as to the Summary Judgment Motion properly before this court and supported by unrefuted evidence, and reinforced by incontrovertible facts which constitute fundamental truths, all of which cannot be impaired because they are supported by the truth, which is eternal and for which all humans since the age of enlightenment and the founding of this country have illustrated as being the core fabric of this Nation's established founding principles.

The Court must duly take notice that Brian Moffet's actions merit sanctions and investigation which are outside the scope of the instant action brought by Plaintiff, and therefore the investigation of Brian Moffet's unethical acts and the investigation as to his intent and knowledge of his wrongdoing must not be permitted to obstruct the efficient administration of this action because those issues are not material to Plaintiff's claims under the Truth in Lending act or the Fair Credit reporting Act.

Plaintiff does not attempt to criticize the heretofore handling of these proceedings by the Court, but is speaking out because M&T Bank has perverted the legal process intentionally which must necessarily warrant proper action to deliver proper disciplinary action to the responsible parties, which begins with Brian Moffet, who is culpable and this is evidenced by his signature on multiple filings which were made in bad faith, with knowing malice and intent to pervert the administration of justice, and then extends to Miles and Stockbridge, who is culpable in fostering a culture which deems perversion of the legal system as a sound method of legal representation, thereby evincing a structural attitude of contempt for the Federal Judiciary.

M&T Bank lost its right to file any further documents in this action when it repeatedly committed acts of perjury and fraud in its filings and representations to the Court, and there is no justification for this Court in allowing for this fraud to continue as it would constitute a substantive violation of the United States Constitution and the principles enumerated throughout the historical development of the Federal Courts in the United States, spanning all the way back to the time in history when their own authority was enumerated in Article III of the Constitution of this Nation.

**IV.     Plaintiff's Second Motion to Take Judicial Notice**

Plaintiff requests that the Court take judicial notice either expressly by Court Order, or through action, in entering final judgment and issuing a writ of execution and attachment which shall establish on the record, a super-prioritized first lien, secured by substantially of the assets of the Defendant and its legal affiliates, to the benefit of the Plaintiff of this Action, Bryce Octavio Carrasco. The facts which must be judicially noticed forthwith include:

That Plaintiff hereby takes full responsibility for every document which he has filed throughout the course of these proceedings, and furthermore he attests that all statements, representations and evidence to which he has testified are based on his personal experience and knowledge, and every docket entry is thereby equivalent to an admissible Affidavit under the Federal Rules of Evidence and the Federal Rules of Civil Procedure;

That M&T has failed to adequately oppose Plaintiff's motion for summary judgment, ECF 85, thereby entitling him to the remedies which are set forth and incorporated herein by reference[1];

That M&T is not entitled provide any further response in lieu of its repeated perjurious filings on the record, including the fraudulent affidavit filed to support its cross motion, which constitutes a clear violation Rule 56(h);

That, as a result of intentional acts in defiance of the Federal Rules of Civil Procedure, Brian Moffet is found to be in contempt of the Court;

That, a separate administrative action be instituted in respect to these violations by Brian Moffet, separate and apart from this Action, and that the adjudication as to his sanctionable and tortious conduct not interfere with the administration of the instant action filed by Plaintiff, which is ripe for resolution and for entry of Final Judgment.

That, as a result of M&T Bank's failure to respond to Plaintiff's properly filed motion for summary judgment, M&T Bank is in Default pursuant to Rule 55 of the Federal Rules of Civil Procedure, which states that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that defendant is shown by affidavit or *otherwise*, the clerk must enter the party's default;

And Furthermore, if the Court is unsatisfied as to whether the Defendant has acted in bad faith and that its actions have been in good faith, to preserve a claim of error on the record for Plaintiff in that M&T is actively in contempt of Court and has intentionally acted with an improper motive aimed not at reaching a just resolution of the claims brought by the Plaintiff, but rather have substantively been taken perverting the course of the legal process through methods of deceit, obfuscation, and subterfuge for the sole object of escaping liability for acts which the

---

[1] *See also,* Pine Ridge Coal v. Local 8377, United Mine Workers, 187 F.3d 415 (4th Cir. 1999) (for relevant binding precedent as to propriety of summary judgment on issues of damages).

binding precedent of the Fourth Circuit Court of Appeals mandates recognition of redressable injury recoverable at law under the jurisdiction of the United States District Court for the District of Maryland.

*     *     *

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 8, 2021. /s/Bryce Carrasco.

Bryce Carrasco<br>
334 Ternwing Drive<br>
Arnold, Maryland 21012<br>
bocarrasco47@outlook.com<br>
410-858-7432
