**bocarrasco47@outlook.com**

| | |
|---|---|
| **From:** | Bryce Carrasco |
| **Sent:** | Wednesday, September 8, 2021 10:36 PM |
| **To:** | MDD_SAGchambers@mdd.uscourts.gov |
| **Cc:** | Moffet, Brian L.; Chazen, Joshua R. |
| **Subject:** | Punitive Damages and Judgment Valuation |

To clarify the various numbers so that a judgment can be entered to create a lien on the assets of M&T Bank, the numbers should be taken directly from the Amended Complaint, ECF 62, in paragraph number 1, which is sufficient for purposes of establishing and perfecting a first priority lien on the company's assets in the aggregate amount of **$6,044,495.20 USD**. I am not adjusting that figure for inflation for the sole purpose of continuity, but it should be noted that this figure should be subject to an upwards adjustment to accommodate the rather high levels of inflation over the past twelve months, as measured by the year over year percentage increase in the Consumer Price Index. And just to avoid any doubt, this figure is the value of three numerical values listed in the bullet points of my amended complaint, ECF 62, to which M&T Bank never responded or offered rebuttal evidence, which means any theoretical attempt to appeal this judgment will be frivolous. Needless to say, judgment for this amount can be properly entered and the security interest established thereby.

Under normal circumstances, I would now say that if Mr. Moffet would like to offer any objections that he can, but he and his client lost that right when they committed perjury and attempted to defraud the record of a Federal Court. Therefore, no objections or opinions from Mr. Moffet are welcomed or invited, unless the Presiding Judge expressly orders such on the public record. This email is being spent, because time is of the essence and should not be discounted, because the value of that lien which needs to be perfected to obtain the redress will diminish in value with time, and it is thus necessary to invest the cash in assets that are better suited for inflationary market environments than cash and cash equivalents.

Respectfully,

Bryce Carrasco
Cell: 410-858-7432
Email: bocarrasco47@outlook.com

| | |
|---|---|
| **From:** | Bryce Carrasco |
| **Sent:** | Wednesday, September 8, 2021 11:34 PM |
| **To:** | 'MDD_SAGchambers@mdd.uscourts.gov' |
| **Cc:** | 'Moffet, Brian L.'; 'Chazen, Joshua R.' |
| **Subject:** | RE: Punitive Damages and Judgment Valuation |

Following satisfaction of the judgment, the abstract of judgment and other documents should be sealed for a period of perhaps two or three years, while the criminal executives at M&T Bank are prosecuted to the fullest extent possible, so as to salvage what value is left of this company, and prevent a potential bank run or liquidity crunch if the public panics as to the security of their deposits with M&T Bank, which are over $100 billion, and would result in harm to many people who do not deserve to be harmed. I do not think that M&T Bank is at a point like Enron *yet*, but, in a few years it will be at the pace the current management team is destroying this company. Therefore, as a precautionary measure and to reduce the onslaught of clamoring attorney's looking to cash in on the tortious conduct over the past three years by M&T, I will agree to seal certain portions of the record temporarily until the individuals responsible for the criminal conduct perpetrated by this enterprise are brought to justice, which they will be. The sealing must only be temporary because it is important for the record of this case to be public so as to provide evidence that the Federal Rules of procedure are fair to all people who follow them, and that it is not necessary to be a lawyer to obtain justice in this country. I think this is modern proof that our laws are designed to allow for justice to be rendered regardless of status, age, or education, which has been greatly impaired by both the high cost of graduate education and the substantial barriers to entry created by attorney's and sometimes abused by lawyers, such as Brian Moffet, to take advantage of litigants that might be intimidated by the jargon and boiler plate legal pleadings (and this is what Mr. Moffet, as well as his law firm, believe constitutes legitimate legal representation). The strategies which Brian so clearly tried to employ in this lawsuit illustrate the elitist mentality that was common in aristocratic societies such as France prior to the French Revolution. Napoleon created a code which underscored his belief in equal treatment before the law, which Thomas Jefferson embraced and used in drafting the constitution of this country. It is essential to protect this, and the record of this lawsuit will provide an example that these things still hold true in the United States.

I am available to discuss any particulars via phone call or in person, which Mr. Moffet is welcome to be present at, although anything he says will be disregarded as thoughtless pedantry. This however is not to be interpreted that he is entitled to such, because he has enabled a criminal enterprise to perpetuate organized criminal activities, and in so doing, he has destroyed his own credibility and reputation as an honest lawyer. People like Brian represent the worst of this country, and he deserves to have his career as a lawyer ended, because he is dishonest, and ultimately, not an ethical human being, and thus is a detriment to the justice system. The pleadings, arguments and representations made by M&T were all based on an underlying notion of entitlement based on special privileges, under a pretextual disguise of legal sophistication, but the substance of their arguments proved that this was insufficient in the face of truth. Brian either negligently or knowingly allowed this, and his strategy evinces a design to confuse and intimidate, in contravention of the Federal Rules of procedure, as well as elementary notions of morality and human decency, to which Mr. Moffet has no understanding of. When push came to shove, Mr. Moffet's lack of intelligence and social awareness ultimately sealed his fate.

Respectfully,

Bryce Carrasco
Cell: 410-858-7432
Email: bocarrasco47@outlook.com

---

**From:** Bryce Carrasco
**Sent:** Wednesday, September 8, 2021 10:36 PM

**To:** MDD_SAGchambers@mdd.uscourts.gov
**Cc:** Moffet, Brian L. <bmoffet@MilesStockbridge.com>; Chazen, Joshua R. <jchazen@MilesStockbridge.com>
**Subject:** Punitive Damages and Judgment Valuation

To clarify the various numbers so that a judgment can be entered to create a lien on the assets of M&T Bank, the numbers should be taken directly from the Amended Complaint, ECF 62, in paragraph number 1, which is sufficient for purposes of establishing and perfecting a first priority lien on the company's assets in the aggregate amount of **$6,044,495.20 USD**. I am not adjusting that figure for inflation for the sole purpose of continuity, but it should be noted that this figure should be subject to an upwards adjustment to accommodate the rather high levels of inflation over the past twelve months, as measured by the year over year percentage increase in the Consumer Price Index. And just to avoid any doubt, this figure is the value of three numerical values listed in the bullet points of my amended complaint, ECF 62, to which M&T Bank never responded or offered rebuttal evidence, which means any theoretical attempt to appeal this judgment will be frivolous. Needless to say, judgment for this amount can be properly entered and the security interest established thereby.

Under normal circumstances, I would now say that if Mr. Moffet would like to offer any objections that he can, but he and his client lost that right when they committed perjury and attempted to defraud the record of a Federal Court. Therefore, no objections or opinions from Mr. Moffet are welcomed or invited, unless the Presiding Judge expressly orders such on the public record. This email is being spent, because time is of the essence and should not be discounted, because the value of that lien which needs to be perfected to obtain the redress will diminish in value with time, and it is thus necessary to invest the cash in assets that are better suited for inflationary market environments than cash and cash equivalents.

Respectfully,

Bryce Carrasco
Cell: 410-858-7432
Email: bocarrasco47@outlook.com

**bocarrasco47@outlook.com**

| | |
|---|---|
| **From:** | Bryce Carrasco |
| **Sent:** | Thursday, September 9, 2021 8:01 AM |
| **To:** | MDD_SAGchambers@mdd.uscourts.gov |
| **Cc:** | Moffet, Brian L.; Chazen, Joshua R. |
| **Subject:** | Proposed Judgment |

A proposed judgment has been docketed as ECF 98 for the Court's review. Plaintiff requests that the Court enter a general form of judgment on the public record, which does not set forth the dollar amount of the judgment. Upon entry of judgment on the public record, Plaintiff will provide all necessary enforcement documentation necessary to perfect a first priority senior secured lien on the assets of the Defendant, collateralized by all assets of any legal affiliates of the Defendant and the personal property and assets of all acting directors and executive officers of M&T Bank Corporation and M&T Bank.

Furthermore, it is important for Plaintiff to request that all unnecessary formalities be discarded with to the extent that it does not affect the effectiveness of any security interest to be established. I would like to state that the excessive formal tone used by Brian Moffet is a perversion of the legal system of this country, and all notions that the form of advocation employed by Brian Moffet should be deemed sanctionable because the only Object of such a practice of formal pleading is not in furtherance of the sound administration of justice, is not provided for by the Federal Rules of Civil Procedure, and such a practice of over formalizing violates the substantive rights of countless litigants who attempt to exercise their constitutional rights only to be met with public embarrassment due to the lack of any respect or decency of untalented individuals of Brian Moffet. In no way does such an over formalization of the pleadings enhance the ability of the court to adjudicate the claims of the parties and is an unethical abuse of a process which is intended to treat all individuals with equal respect and dignity. Nothing in the Federal Rules of Civil Procedure, the laws of the United States or the Constitution supports this, and all individuals have the same right to benefit from the use of the legal system regardless of whether or not they are a member of the bar. Brian Moffet is a shameless coward, who masks his own insecurity as to his lack of true talent with an abuse of pro se litigants, and he should be ashamed of himself for his conduct throughout the course of his career in abusing the court process and disrespecting the federal judiciary in so doing, and as a result he has disgraced himself for posterity.

Respectfully,

Bryce Carrasco
Cell: 410-858-7432
Email: bocarrasco47@outlook.com

**bocarrasco47@outlook.com**

| | |
|---|---|
| **From:** | Bryce Carrasco |
| **Sent:** | Thursday, September 9, 2021 8:35 AM |
| **To:** | MDD_SAGchambers@mdd.uscourts.gov |
| **Cc:** | Moffet, Brian L.; Chazen, Joshua R. |
| **Subject:** | Memorandum Opinion |

Plaintiff does not seek a detailed opinion of the court contemporaneous with the entry of judgment, and in no way do I wish to place any pressure on the Court as to whether it is the right course of action to issue any opinion at all. However, I think it would be to the benefit of society for the Court to issue a memorandum opinion in due course. Of course, this falls within the sound discretion of the Court and I am only providing this as my own personal opinion.

I believe that this precedent can be a meaningful contribution to the development of federal jurisprudence, to the benefit of future generations and society.

Respectfully,

Bryce Carrasco
Cell: 410-858-7432
Email: bocarrasco47@outlook.com