IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
-------------------------------------------- x
BRYCE CARRASCO,                              :     Civil Action
            Plaintiff,                       :
    v.                                       :     Case No. 21-532 (SAG)
M&T BANK,                                    :
            Defendant.                       :
-------------------------------------------- x
```

**MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR SANCTIONS AGAINST BRIAN MOFFET, AND FOR ENTRY OF JUDGMENT UNDER RULE 54(B)**

First, I want to state on the record that I have the utmost respect for the Honorable Stephanie A. Gallagher, and I apologize for my abrasive tone yesterday. The pace of the legal system is an adjustment from the world of finance. Furthermore, Plaintiff hereby submits this memorandum in further support of his motion for sanctions against Brian Moffet, and for entry of Judgment under Rule 54(B), and in support thereof I state as follows:

It seems appropriate to take another round at the cross motion filed by M&T Bank, because its total lack of any conceivable merit becomes more clear with each passing day, and this is based on the underlying fact that the entire filing was fraudulent and is meant to have such an effect. Nevertheless, it is clear as day that the cross-motion was filed in bad faith, and Brian Moffet made the conscious choice to place his signature on the motion, and therefore he will face the consequences, namely, the levy of sanctions against him and possibly his law firm. First, the affidavit filed in support of the cross-motion was clearly doctored, and was forged in the name of Kathleen Evans, who most likely did not write any of the statements therein, and this act of fraud was perpetrated using instrumentalities affecting interstate commerce and arguably merit a prosecution under RICO against Brian Moffet. However, such a prosecution is truly outside the

scope of this memorandum. The cross-motion for M&T can effectively be stricken from the docket for fraud or mistake, or you can leave it on the docket, although it is unsightly.

The Kathleen Evans Affidavit, ECF 89, was clearly fraudulent, falsified and doctored. Brian, if you believe I am wrong about that, I challenge you to bring Kathleen Evans to testify in person at the district courthouse, and I will pay for a handwriting expert to compare her signature to the one affixed on page 8, and then we can analyze the result. In fact, the signature on the affidavit is not a true handwritten signature and is clearly computer generated as it is nearly identical to the default e-signature for Adobe PDF, which anyone can type on their keyboard and it would look identical to that signature. The only way that this can be properly resolved is to schedule a deposition so that I can cross examine the witness on her knowledge of the credit reporting process at M&T Bank. If you consent to me taking her deposition for cross examination, you are free to take my deposition on the same day. I am not sure what else you would like to know, but I am happy to sit down and answer your questions if you are paying. But by the time that could even be arranged, final judgment will likely have already been entered, but I am still willing to be deposed as I did give you my word that I would allow you to take my deposition following dispositive motions.

If M&T Bank does not consent to a joint deposition with Kathleen Evans in person for purposes of cross-examination, it is clear that there is no indicia of trustworthiness which would allow it to carry the evidentiary burden under the Rule 56 standard. And I am also making a claim of outright fraud – that Kathleen Evans did not write anything, or wrote very little, of the contents on that affidavit, as she is a back office call center employee and has no expertise in credit reporting or consumer credit, other than debt collection via call centers.

Therefore, it is fairly stated on the record that if M&T Bank does not come forth and consent to Plaintiff cross examining Kathleen Evans via in person deposition, that the affidavit filed in connection with M&T's cross motion for summary judgment is not sufficient for summary judgment. It would still be subject to a genuine dispute even if she was the most credible witness since the beginning of the world, as it is undisputed that "a binding agreement was never executed in regard to the Credit Card." ECF 62 ¶ 5. M&T has *de facto* admitted this in lieu of its default in responding to the Amended Complaint, which it was required to respond to within fourteen days of the first amendment being docketed on the record on June 11, 2021. See Fed.R.Civ.P. 15(a)(3), stating that "any required response to an amended pleading must be made within 14 days after service of the amended pleading." In this circumstance, the Amended Complaint was served on June 11, 2021. See ECF 62 (Entered: 6/11/2021) (response due 6/25/2021). Since M&T failed to respond to the allegation in ¶ 5 of the Amended Complaint, its failure constitutes a binding admission for the purpose of these proceedings, so it is thus undisputed that a binding agreement was never executed with respect to the Credit Card. See ECF 62 ¶ 5. It is well established that once a plaintiff asserts a claim for relief, the defendant must timely file an answer or otherwise plead in response. Fed.R.Civ.P. 12(a)(1), (4). This is so even after the defendant has answered, but the plaintiff later files an amended complaint under Rule 15. Fed.R.Civ.P. 15(a)(3). Failure to answer a complaint – original or amended – will result in Default. See Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit[1] or otherwise, the clerk must enter the party's default."); Int'l Painters & Allies Trades Indus. Pen. Fund v. Lasalle Glass & Mirror Co., 267 F.R.D. 430 (D.D.C.

---

[1] This constitutes an affidavit, and as such Plaintiff directs the clerk to enter the Defendant's default in the instant case for M&T's failure to respond to the Amended Complaint.

3

2010); see also Johnson v. Berry, 228 F.Supp.2d 1071, 1079 (E.D. Mo. 2002) ("The last sentence of [Rule] 15(a) requires a party to plead in response to an amended pleading. No option is given merely to stand on preexisting pleadings made in response to an earlier complaint."). Rule 12(a)(4) extends the time to answer the original complaint when the defendant files a motion under Rule 12(b). If the court denies the Rule 12(b) motion or "postpones its disposition until trial, the responsive pleading must be served within fourteen days after the notice of the Court's action."[2] Rule 12(a) does not, however, govern responses to amended pleadings; Rule 15(a)(3) does, and under that Rule, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later."[3] The thrust of the answer is the specific answer it offers to each allegation in the complaint. This may come in the form of a denial or admission. Fed.R.Civ.P. 8(b)(1)(B). Moreover, denials may be general or specific. Rule 8(b)(3) restricts the availability of general denials to instances in which the responding party "intends in good faith to deny all the allegations of a pleading—including jurisdictional grounds." Fed.R.Civ.P. 8(b)(3); *see also* Randazza v. Cox, No. 12-CV-02040, 2013 BL 50804, at *3 (D. Nev. Feb. 22, 2013). In most cases, the answering party "does not intend to deny all the allegations," and so under the Rule that party "must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed.R.Civ.P. 8(b)(3). Rule 8(b) also permits partial denials[4], as well as constructive denials based on insufficient information[5]. Although Rule 8(b) is important, Rule 9 contains

---

[2] Fed.R.Civ.P. 12(a)(4). A similar rule applies where the court grants a motion for a more definitive statement—"the responsive pleading must be served within 14 days after the more definite statement is served." *Id.*
[3] Fed.R.Civ.P. 15(a)(3); see also Berman v. Arlington Bank, No. 12-CV-288, 2013 BL 47271, at *6 (N.D. Ohio Feb. 22, 2013).
[4] Fed.R.Civ.P. 8(b)(4) ("A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.").
[5] Fed.R.Civ.P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.").

4

additional rules that govern specific situations. Rule 9(c), for example, provides that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed.R.Civ.P. 9(c).

In any event, every denial must "fairly respond to the substance of the allegation." Fed.R.Civ.P. 8(b)(2). *cf.* Fed.R.Civ.P. 36(a)(4) (requests for admission; "[a] denial must fairly respond to the substance of the matter."). In the instance of M&T, failure to do so resulted in a waiver, and therefore it is undisputed that "a binding agreement was never executed" with respect to the credit card ending in 6414. *See* Amended Complaint, ECF 62 ¶ 5 ("A binding agreement was never executed in regard to the credit card."). *But see also* Fed.R.Civ.P. 8(b)(6) ("[A]n allegation is admitted if a responsive pleading is required and the allegation is not denied."). Furthermore, if denying an allegation would be in bad faith, the responding party has a duty to admit or to not deny. See Divane v. Krull Elec. Co., 200 F.3d 1020, 1029 (7th Cir. 1999) (affirming imposition of sanctions against the defendant where the district court found that the defendant's failure "to make certain admissions was patently unreasonable.") An admission, whether express or implied, "constitutes a binding judicial admission."[6] This is significant, as the Seventh Circuit has explained:

> Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are "not evidence at all but rather have the effect of withdrawing a fact from contention." A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the

---

[6] Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 805 (7th Cir. 2005) (citing Keller v. United States, 58 F.3d 1194, 1198 n.8 (7th Cir. 2005)); Cambridge Healthcare L.L.C. v. Infinity Home Health Servs., No. 10 C 7284, 2011 WL 2294196, at *1 (N.D. Ill. June 9, 2011) ("Unless later withdrawn, an admission in an answer is conclusive."); In re Felski, 277 B.R. 732, 738 (E.D. Mich. 2002) ("In addition, admissions in pleadings are generally binding on the parties to the action.") (citing Brown v. Tenn. Gas Pipeline Co., 623 F.2d 450, 454 (6th Cir. 1980)). Cf. Almand v. DeKal Cnty., Ga., 103 F.3d 1510, 1514 (10th Cir. 1997) (declining to construe an admission of factual allegations in the answer as a binding admission of the legal conclusion that the complaint draws).

> party. When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission.

Keller v. United States, 58 F.3d 1194, 1199 n.8 (7th Cir. 2005). See also Waver v. Conrail, Inc., No. 09-5592, 2010 WL 2773382, at *8 (E.D. Pa. July 13, 2010) ("An admission is any deliberate, clear and unequivocal statement, either written or oral, made in the course of judicial proceedings, and may include a party's statements in its pleadings or its legal briefs.") (internal quotation marks omitted) (citing Medcom Holding Co. v. Baxter Travenol Lab., 106 F.3d 1388, 1404 (7th Cir. 1997) and Purgess v. Sharrock, 33 F.3d 134, 143–44 (2d Cir. 1994)).

As well, admissions in an answer, whether express or implied (through failure to respond, which is equivalent to an admission) can be helpful in connection with motions for summary judgment in showing the presence or absence of genuine issues of material fact. In one case, for example, a federal appellate court affirmed the district court's decision to grant summary judgment against the defendant based on the defendant's admission in its answer. *Crest Hill Land Dev., LLC v. City of Joliet,* 396 F.3d 801, 805 (7th Cir. 2005) ("The City's answer to paragraph 45 of the complaint, admitting that Division Street is a locally designated highway, constitutes a binding judicial admission. As such, it has the effect of withdrawing the question of whether Division Street is a locally designated highway from contention; for the purposes of summary judgment, it is."). This is similar to the question of whether Plaintiff was bound by any supposed contract which mandated minimum monthly payments, which M&T relied upon for the vast majority of its cross-motion for summary judgment, but M&T erred in its reliance on the proposition, because it was and is in default in responding to paragraph 5 of the Amended Complaint, and therefore has the same effect as an admission for the purposes of summary judgment, and this is fatal to M&T Bank's purported cross motion for summary judgment, and underscores the fact that the motion was made in bad faith, as the cross motion does not even possess a mere scintilla of merit, and the

only purpose for its filing was to cause unnecessary delay, and this is but another argument in favor of this Court levying Brian Moffet with a sanction.

Based on the foregoing reasons, this Court should enter Final Judgment before the end of the month of September. I think that is fair.

\*   \*   \*

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 10, 2021. /s/Bryce Carrasco.

Bryce Carrasco<br>
334 Ternwing Drive<br>
Arnold, Maryland 21012<br>
bocarrasco47@outlook.com<br>
410-858-7432
