# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **BRYCE CARRASCO**, | * | |
| Plaintiff, | * | |
| v. | * | Case No.:  SAG-21-532 |
| **M&T BANK**, | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>**ANSWER TO FIRST AMENDED COMPLAINT**</u>

Defendant M&T Bank ("M&T"), through its undersigned counsel, hereby answers the First Amended Complaint ("FAC") (ECF No. 62) filed by Plaintiff Bryce Carrasco ("Plaintiff") in the above-captioned matter.

**"Summary"**

1.      This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC, denies that Plaintiff has suffered any damages, and denies that Plaintiff is entitled to any relief whatsoever.

**"Applicable Law"**

2.      This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

3.      This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

**"Background and Statement of Facts"**

4.       M&T admits the allegations in this paragraph of the FAC.

5.       This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

6.       M&T admits that Plaintiff sent an email to Drew Solice Jr. at M&T on or about July 20, 2020.   To the extent that this paragraph refers to written correspondence, that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

7.       M&T admits that Drew Solice Jr. at M&T sent an email to Plaintiff on or about July 21, 2020.  To the extent that this paragraph refers to written correspondence (an exhibit to the FAC), that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

8.       M&T is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph of the FAC and, therefore, denies the same.  To the extent that this paragraph refers to written correspondence (an exhibit to the FAC), that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  This paragraph also asserts opinions and legal conclusions.  Therefore, M&T is under no

obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

9.       To the extent that this paragraph refers to written correspondence (an exhibit to the FAC), that correspondence speaks for itself and, therefore, no further response is required. To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

10.      M&T is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph of the FAC and, therefore, denies the same.  To the extent that this paragraph refers to written correspondence (an exhibit to the FAC), that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

11.      M&T admits that the introductory APR on Plaintiff's credit card was at a rate of 0%.  M&T admits that the credit limit on the account was $3,500.00.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the agreement governing his credit card account, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

12.      M&T admits that Plaintiff transferred a balance to his account in the amount of $2,200.00 on or about August 3, 2020.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

3

13.     M&T admits that the balance transfer was effectuated on or about August 3, 2020. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

14.     M&T is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph of the FAC and, therefore, denies the same.

15.     M&T is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph of the FAC and, therefore, denies the same.

16.     M&T admits that it attempted to contact Plaintiff by telephone several times. M&T is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph of the FAC and, therefore, denies the same.

17.     M&T admits that between September and December 2020, it mailed multiple letters to Plaintiff at the address he provided when he opened the credit card account informing Plaintiff that his credit card account was past due.  M&T is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph of the FAC and, therefore, denies the same.

18.     M&T admits that it sent Plaintiff correspondence dated November 5, 2020.  To the extent that this paragraph refers to written correspondence (an exhibit to the FAC), that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

19.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that this paragraph refers to

written correspondence (an exhibit to the FAC), that correspondence speaks for itself and, therefore, no further response is required.   To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

20.    This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that this paragraph refers to written correspondence (an exhibit to the FAC), that correspondence speaks for itself and, therefore, no further response is required.   To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

21.    M&T admits that Plaintiff made a payment by telephone in the amount of $231.00.  M&T also admits that the M&T representative who spoke with Plaintiff reversed two late fee charges as a courtesy to its customer.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

22.    M&T admits that Plaintiff sent an email to M&T on or about December 30, 2020. To the extent that this paragraph refers to written correspondence, that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

23.    M&T admits that it sent an email to Plaintiff on or about December 31, 2020.  To the extent that this paragraph refers to written correspondence, that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes,

mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

24.    M&T admits that Plaintiff sent an email to M&T on or about January 10, 2021. To the extent that this paragraph refers to written correspondence, that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

25.    M&T admits that Plaintiff sent an email to M&T on or about January 12, 2021. To the extent that this paragraph refers to written correspondence, that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

26.    M&T admits that Plaintiff sent an email to M&T on or about January 12, 2021. To the extent that this paragraph refers to written correspondence (an exhibit to the FAC), that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

27.    This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  In further response, M&T admits to conducting a reasonable investigation concerning the disputes Plaintiff provided to the credit reporting agencies (CRAs).  The remaining allegations in this paragraph refer to Plaintiff's credit reports and those documents speak for themselves and, therefore, no further response is required.

To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets those documents, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

28.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T admits that it verified Plaintiff's delinquency as accurate and denies the remaining allegations in this paragraph of the FAC.

29.     M&T admits that Plaintiff filed a complaint with the CFPB but denies that the complaint was filed on February 1, 2021.  Rather, and in further response, Plaintiff filed a complaint with the CFPB on January 29, 2021, and then filed two additional complaints about the same issue on February 1, 2021 and another complaint on February 9, 2021, for a total of four complaints on the same issue.  To the extent that this paragraph refers to a written complaint or written correspondence, that writing speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the writing, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

30.     M&T admits that M&T sent an email to Plaintiff on or about February 2, 2021. To the extent that this paragraph refers to written correspondence, that correspondence speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

31.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  M&T admits that it sent an email to

Plaintiff on or about February 5, 2021. To the extent that this paragraph refers to written correspondence, that correspondence speaks for itself and, therefore, no further response is required. To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

32.     M&T denies the allegations in this paragraph of the FAC.

33.     M&T admits that following an investigation of the complaint Plaintiff filed with the CFPB, it responded to the CFPB on or about February 5, 2021. To the extent that this paragraph refers to written correspondence, that correspondence speaks for itself and, therefore, no further response is required. To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

34.     This paragraph asserts opinions and legal conclusions. Therefore, M&T is under no obligation to admit or deny the statements therein. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

## "Count 1: Defendant Willfully Neglected its Obligations under the FCRA"

## "A. 15 U.S.C. §1681s-2(b)"

35.     M&T denies the allegations in this paragraph of the FAC.

36.     This paragraph asserts opinions and legal conclusions. Therefore, M&T is under no obligation to admit or deny the statements therein. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

37.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

38.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

39.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

40.     M&T is without sufficient knowledge and information to form a belief as to the truth of the allegations regarding Plaintiff's awareness and, therefore, denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

41.     M&T is without sufficient knowledge and information to form a belief as to the truth of the allegations regarding Plaintiff's awareness and, therefore, denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

42.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

43.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

**"Count 2: Truth in Lending Act (TILA); 15 U.S.C. §§ 1601-1667f"**

44.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

### **"B. 15 U.S.C. § 1632(d)(1)"**

45.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

### **"C. 15 U.S.C. § 1663"**

46.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

47.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that this paragraph refers to a document (an exhibit to the FAC), that document speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

48.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that this paragraph refers to a document (an exhibit to the FAC), that document speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets

the correspondence, M&T denies the same. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

49. This paragraph asserts opinions and legal conclusions. Therefore, M&T is under no obligation to admit or deny the statements therein. To the extent that this paragraph refers to a document (an exhibit to the FAC), that document speaks for itself and, therefore, no further response is required. To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

50. M&T is without sufficient knowledge and information to form a belief as to the truth of the allegations regarding Plaintiff's awareness and, therefore, denies the same. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

51. M&T admits that M&T sent an email to Plaintiff on or about February 23, 2021. To the extent that this paragraph refers to written correspondence, that correspondence speaks for itself and, therefore, no further response is required. To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

52. This paragraph asserts opinions and legal conclusions. Therefore, M&T is under no obligation to admit or deny the statements therein. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

53. This paragraph asserts opinions and legal conclusions. Therefore, M&T is under no obligation to admit or deny the statements therein. To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

54.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

55.     M&T denies the allegations in this paragraph of the FAC.

56.     M&T admits that Plaintiff filed a complaint with the CFPB but denies that the complaint was filed on February 1, 2021.  Rather, and in further response, Plaintiff filed a complaint with the CFPB on January 29, 2021, and then filed two additional complaints about the same issue on February 1, 2021 and another complaint on February 9, 2021, for a total of four complaints on the same issue.  To the extent that this paragraph refers to a written complaint or written correspondence, that writing speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the writing, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

57.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

58.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

59.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

60.    This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

61.    This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

62.    This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

63.    This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

64.    M&T denies the allegations in this paragraph of the FAC.

65.    This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

66.    This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

67.    This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

68.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

69.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

70.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

71.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that this paragraph refers to a document (an exhibit to the FAC), that document speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

72.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that this paragraph refers to a document (an exhibit to the FAC), that document speaks for itself and, therefore, no further response is required.  To the extent that Plaintiff misquotes, mischaracterizes, or misinterprets the correspondence, M&T denies the same.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

73.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

74.     M&T denies the allegations in this paragraph of the FAC.

75.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

76.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

77.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

78.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

79.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

80.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

81.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

82.     This paragraph asserts opinions and legal conclusions.  Therefore, M&T is under no obligation to admit or deny the statements therein.  To the extent that any further response is required, M&T denies the allegations in this paragraph of the FAC.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a cause of action upon which relief may be granted.

2.     Plaintiff lacks standing to sue M&T under Article III due to the absence of an injury-in-fact.  Plaintiff paid no more than the amount of the debt he actually owed and, therefore, has not sustained any concrete injury-in-fact.

WHEREFORE, having responded to the First Amended Complaint filed by Plaintiff, Defendant M&T Bank requests that the First Amended Complaint be dismissed with prejudice and that it be awarded costs and attorneys' fees and such other relief deemed appropriate by the Court.

Respectfully submitted,

*/s/ Brian L. Moffet*
Brian L. Moffet (Fed. Bar No. 13821)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: (410) 727-6464
bmoffet@milesstockbridge.com

*Attorneys for Defendant M&T Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2021, a copy of the foregoing was served on the

following via CM/ECF and via first class mail, postage prepaid:

Bryce Carrasco
334 Ternwing Drive
Arnold, MD 21012


*/s/ Brian L. Moffet*
Brian L. Moffet