| | | |
|---|---|---|
| BRYCE CARRASCO, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:21-CV-00532-SAG |
| M&T BANK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT M&T BANK'S REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE ANSWER TO FIRST AMENDED COMPLAINT**

Defendant M&T Bank ("M&T"), through its undersigned counsel, files this reply in support of its motion for leave to file its Answer to Plaintiff's First Amended Complaint, *nunc pro tunc*. Other than continuing to assert baseless attacks on the character of M&T's counsel, Plaintiff provides no legitimate basis on which to deny M&T leave to file the Answer out of time. Although Plaintiff claims that he will be "egregiously prejudice", he does not and cannot articulate any facts supporting the assertion. Plaintiff's First Amended Complaint asserts the same claims as his initial Complaint, which M&T timely answered, and the allegations of the First Amended Complaint — save for a handful—are identical to those in the initial pleading. Moreover, the delay in filing the Answer to the First Amended Complaint has not impacted this action in any manner. Indeed, discovery closed in July and the parties have fully briefed cross-motions for summary judgment pending.

As indicated, M&T previously drafted its Answer and was prepared to timely file it but due to a miscommunication between counsel and staff, the Answer was not filed and that was not realized until Plaintiff raised the issue in its filing earlier today. Once M&T confirmed the accuracy

of the statement, it promptly prepared the instant motion for leave and filed the motion along with its already drafted Answer in less the one hour after learning of the mistake. This oversight was not willful, in bad faith or in ignorance of the rules but rather a reflection of one of the perils of working remotely as a result of the pandemic. Accordingly, having shown good cause, leave should be granted to allow M&T to file the Answer to the First Amended Complaint. *See, e.g., Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (affirming finding of excusable neglect and allowing answers to be filed seven months late where the failure to file an answer was based on an "inadvertent oversight" but there was no bad faith and no prejudice); *Piccinino v. Papa John's, USA, Inc.*, No. 4:18-CV-1197-SPM, 2018 WL 4853122, at *2 (E.D. Mo. Oct. 5, 2018) (allowing party leave to file answer out of time under Rule 6(b)(1) when inadvertent deadline mistake resulted from miscommunication between lead counsel and associate).

For these reasons and those set forth in the Motion for Leave (ECF No. 106), leave should be granted to allow Defendant M&T Bank to file its Answer to the First Amended Complaint, *nunc pro tunc*.

Respectfully submitted,

*/s/ Brian L. Moffet*

Brian L. Moffet (Fed Bar No. 13821)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
410.727.6464
bmoffet@milesstockbridge.com

Joshua R. Chazen (Fed. Bar No. 06837)
MILES & STOCKBRIDGE P.C.
1201 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
Tel: (202) 465-8388
jchazen@milesstockbridge.com

*Attorneys for Defendant M&T Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2021, a copy of the foregoing was served on the

following via ECF and via first class mail, postage prepaid:

> Bryce Carrasco
> 334 Ternwing Drive
> Arnold, MD 21012

> */s/ Brian L. Moffet*
> Brian L. Moffet (Fed Bar No. 13821)