IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYCE CARRASCO, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:21-CV-00532-SAG |
| M&T BANK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT M&T BANK'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

Defendant M&T Bank ("M&T"), through its undersigned counsel, opposes the Motion for Leave to File Surreply (ECF No. 95), filed by Plaintiff Bryce Carrasco ("Plaintiff") and, in support thereof, states as follows:

1. On July 26, 2021, Plaintiff filed his Motion for Summary Judgment (ECF No. 85).

2. On August 9, 2021, M&T filed its Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ("Cross Motion") (ECF No. 88).

3. On August 23, 2021, Plaintiff filed his first Opposition to M&T's Cross Motion for Summary Judgment ("First Opposition") (ECF No. 90). That Opposition included a thirteen-page memorandum supported by three exhibits.

4. On August 27, 2021, Plaintiff filed his second Opposition to M&T's Cross Motion for Summary Judgment ("Second Opposition") (ECF No. 91). The Second Opposition included a thirty-page memorandum and another four exhibits.

5. On September 2, 2021, M&T filed its Reply in Support of Cross Motion ("Reply") (ECF No. 92).[1] The filing of the Reply concluded the briefing on the parties' cross-motions for summary judgment.

6. Plaintiff, despite already filing 43 pages opposing M&T's Cross Motion, filed a Motion for Leave to File Surreply on September 6, 2021 (ECF No. 95).[2] Plaintiff's Surreply Memorandum consists of an additional seven-page memorandum and another seven exhibits.

7. "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Local Rule 105.2(a); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). Although a district court has discretion to allow a surreply, courts generally disfavor surreplies. *Chubb & Son v. C.C. Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013). A court may permit a surreply "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury*, 268 F. Supp. 2d at 605 (citation omitted). By contrast, "[a] motion for leave to file a surreply may be denied when the matter addressed in the reply is not new." *Marshall v. Capital View Mut. Homes*, No. RWT–12–3109, 2013 WL 3353752, at *3 (D. Md. July 2, 2013).

---

[1] After M&T filed its Reply arguing that the Court should not consider the Second Opposition because it was untimely and improperly filed, Plaintiff filed correspondence requesting that the Court construe the First Opposition as a Reply in Support of his Motion for Summary Judgment and the Second Opposition as his Opposition to M&T's Cross Motion (ECF No. 93). No matter the title of the filing, both the First Opposition and the Second Opposition respond to M&T's Cross Motion.

[2] Plaintiff styled this filing as "Plaintiff's Surreply Memorandum" but did not include a formal motion for leave as required by Local Rule 105.2(a) (requiring a party to receive judicial permission before filing a surreply). However, due to Plaintiff's *pro se* status and the holding that "a document filed *pro se* is 'to be liberally construed,'" this Court is likely to consider this filing as a motion for leave to file a surreply. *Courtney–Pope v. Board of Education of Carroll County*, 304 F. Supp. 3d 480, 485 (D. Md. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

8.     Plaintiff fails to show the need to file a surreply. *See Stoyanov v. Mabus*, No. CIV WDQ-07-1764, 2009 WL 4884518, at *8 (D. Md. Dec. 9, 2009) (holding that a party moving for leave to file a surreply must show a need for a surreply), *aff'd*, 385 F. App'x 297 (4th Cir. 2010). While Plaintiff, proceeding *pro se*, will undoubtedly seek leniency from the Court, he "is not excused from following. . . the Local Rules." *Qiydaar v. People Encouraging People, Inc.*, No. CV ELH-17-1622, 2020 WL 4286831, at *3 (D. Md. July 27, 2020).

9.     Plaintiff's Surreply Memorandum focuses on the same arguments and exhibits included in M&T's Cross Motion. *See, e.g., Roach v. Navient Solutions, Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015) (denying motion for leave to file surreply because "Plaintiff's proposed surreply is not responsive to any arguments raised in Defendant's reply brief"). Plaintiff characterizes the Affidavit of Kathleen Evans, attached as Exhibit A to M&T's Cross Motion, as "inadequate," claims the information in the January 5, 2021 ACDV, attached as Exhibit 20 to M&T's Cross Motion, is "demonstrably false," and contends that the account statements, attached as Exhibits 4, 6, 10, 12, 15, 16 and 25 to M&T's Cross Motion, are "erroneous." ECF No. 95 at 2. Plaintiff needed to present these contentions in one of the two oppositions he filed in response to M&T's Cross Motion, thereby giving M&T due notice and opportunity to respond. Plaintiff's failure to argue these points previously does give him the right to raise them now in a surreply filed after the parties fully briefed summary judgment. *See Interphase Garment Solutions, LLC, v. Fox TV Stations, Inc.*, 566 F. Supp. 2d 460, 467 (D. Md. 2008) (denying motion to file surreply where "Plaintiffs seek merely to re-open briefing on the issues raised in Defendants' motion to dismiss and challenge Defendants' explanations of cited case law").

3

10. Plaintiff's Surreply Memorandum also improperly introduces a series of documents prepared by third parties (ECF No. 95, Exhibits H, I, J, M, N, and O)[3] for the first time and includes arguments on these new exhibits despite this Court's prior admonishment that "parties are not permitted to advance new arguments for the first time in a reply memorandum." ECF No. 84. If new arguments are not permitted in a reply memorandum, they certainly are not permitted in a disfavored surreply. Accordingly, not only does Plaintiff fail to provide a basis for his request to file a surreply, the Surreply Memorandum impermissibly includes new arguments that this Court previously made clear would not be considered. *Id.*

11. Therefore, this Court should deny Plaintiff leave to file his Surreply Memorandum.

WHEREFORE, Defendant M&T Bank respectfully requests that Plaintiff's Motion for Leave to File Surreply be denied. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

*/s/ Brian L. Moffet*
Brian L. Moffet (Fed Bar No. 13821)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
410.727.6464
bmoffet@milesstockbridge.com

Joshua R. Chazen (Fed Bar No. 06837)
MILES & STOCKBRIDGE P.C.
1201 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
202.465.8388
jchazen@milesstockbridge.com

*Attorneys for Defendant M&T Bank*

---

[3] Plaintiff claims that these third-party documents are properly before this Court on summary judgment because some of them were included in M&T's Rule 26 initial disclosures. While this may be true, these exhibits are not M&T records but rather are documents that Plaintiff attached to a series of emails he sent to the bank. While M&T produced these documents consistent with its obligations under the Federal Rules, doing so does not authenticate third party documents for purposes of summary judgment.

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, I served a copy of the foregoing on the following via ECF and via first class mail, postage prepaid:

>Bryce Carrasco
>334 Ternwing Drive
>Arnold, MD 21012

>*/s/ Brian L. Moffet*
>Brian L. Moffet (Fed Bar No. 13821)