# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYCE CARRASCO, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:21-CV-00532-SAG |
| M&T BANK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT M&T BANK'S OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION FOR ENTRY OF FINAL JUDGMENT

Defendant M&T Bank ("M&T"), through its undersigned counsel, opposes the Omnibus Motion for Entry of Final Judgement (ECF No. 97), filed by Plaintiff Bryce Carrasco ("Plaintiff") and, in support thereof, states as follows:

1. Although Plaintiff styles his filing as an Omnibus Motion for Entry of Final Judgment ("Omnibus Motion"), it contains four separate motions—none of which actually seek entry of final judgment. Rather, Plaintiff's Omnibus Motion (1) seeks an expedited ruling on his Motion for Summary Judgment; (2) includes two separate requests for the Court to take judicial notice; and (3) offers supplemental arguments supporting his previously filed Motion for Sanctions (ECF No. 94). M&T will address each "motion" in seriatim.

2. **Plaintiff's Motion for Expedited Ruling**. On or about September 14, 2021, this Court entered an Order, setting forth the Court's plan for issuing rulings on all pending motions, including Plaintiff's Motion for Summary Judgment. (ECF No. 114). Thus, Plaintiff's request for expedited ruling appears to be moot. However, to the extent this Court is willing to entertain the

request, any expedited ruling on summary judgment should also include a ruling on M&T's Cross-Motion for Summary Judgment.[1]

3. **Plaintiff's Motions to Take Judicial Notice**. Plaintiff's requests for the Court to take judicial notice are yet another proverbial bite of the apple as they ask the Court to take judicial notice that M&T's Cross Motion for Summary Judgment (ECF No. 88) is not "properly supported" under the appropriate summary judgment standards and that M&T has "failed to adequately oppose Plaintiff's motion for summary judgment." (ECF No. 94 at 1, 3). Notwithstanding the inaccuracy of these statements, Plaintiff's argument is effectively his third opposition to M&T's Cross Motion. He previously filed oppositions on August 23, 2021 (ECF No. 90) and August 27, 2021 (ECF No. 91). Plaintiff should not be able to continue arguing the merits of summary judgment in the Omnibus Motion when briefing is complete and he has already filed not one, but two oppositions to M&T's Cross Motion.

Furthermore, while the Rules of Evidence permit a court to take judicial notice, it can only take judicial notice of "'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Loya v. Wexford Health Sources, Inc.*, 2020 WL 5877266 *1, n.2 (D. Md., Oct. 2, 2020) (quoting *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)). Plaintiff's two motions to take judicial notice do not ask the Court to recognize any "adjudicative facts" but rather comprise of opinions, meritless arguments, and unsupported attacks on M&T and its counsel and therefore, are not the proper subjects for judicial notice. Accordingly, both requests should be denied.

---

[1] Plaintiff also uses his Omnibus Motion to accuse M&T of abusing the legal process. There is simply no support for this assertion, and this Court should not countenance such baseless attacks, even from *pro se* litigants.

4. **Plaintiff's Motion Supporting Motion for Sanctions**. Under the Local Rules, "motions for sanctions will not be filed as a matter of course." Local Rule 105.8(a). Nevertheless, following the conclusion of briefing on summary judgment, Plaintiff filed a Motion for Sanctions against M&T's counsel on September 6, 2021. (ECF No. 97). While M&T maintains that the motion is factually and legally without merit and unjustified on many levels,[2] Local Rule 105.8(b) makes clear that M&T need not respond to the motion unless ordered by the Court to do so. In that no such order has issued, M&T will not respond to Plaintiff's Motion for Sanctions or the Motion Supporting the Motion for Sanctions included in the Omnibus Motion.[3]

WHEREFORE, Defendant M&T Bank respectfully requests that Plaintiff's Omnibus Motion for Entry of Final Judgment be denied. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

*/s/ Brian L. Moffet*
Brian L. Moffet (Fed Bar No. 13821)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
410.727.6464
bmoffet@milesstockbridge.com

---

[2] Because motions for sanctions are not to be filed as a matter of course, the Local Rules allow the Court to "consider in appropriate cases imposing sanctions ***upon parties who file unjustified sanctions motions***." Local Rule 105.8(a) (emphasis added). Despite proceeding *pro se*, Plaintiff "is not excused from following . . . the Local Rules." *Qiydaar v. People Encouraging People, Inc.*, No. CV ELH-17-1622, 2020 WL 4286831, at *3 (D. Md. July 27, 2020). M&T submits that Plaintiff's Motion for Sanctions is not justified, and Plaintiff's repeated, ad hominem attacks on the character of M&T's counsel support consideration of sanctions against Plaintiff under Local Rule 105.8(a). *See* ECF No. 73 ("Again, the Court reiterates the need for both parties to comply with the rules and decorum of this forum. Any future filings that contain ad hominem attacks about the opposing party or the opposing party's counsel or officers will be disregarded."). This Court has given Plaintiff ample leeway throughout this litigation but, at some point, this Court should demand the same decorum from Plaintiff as it demands from all other litigants.

[3] In addition to the initial Motion for Sanctions (ECF No. 94) and the section of the Omnibus Motion that relates that Motion (ECF No. 97), Plaintiff also filed a Memorandum in Further Support of Motion for Sanctions against Brian Moffet, and For Entry of Judgment under Rule 54(B). (ECF No. 105). No matter how the filing is titled, this Court should treat ECF No. 105 as a memorandum in support of the Motion for Sanctions and/or the Omnibus Motion. It should not treat ECF No. 105 as a standalone motion. But even if the Court did, no response is required at this time pursuant to Local Rule 105.8(b).

Joshua R. Chazen (Fed Bar No. 06837)
MILES & STOCKBRIDGE P.C.
1201 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
202.465.8388
jchazen@milesstockbridge.com

*Attorneys for Defendant M&T Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, I served a copy of the foregoing on the following via ECF and via first class mail, postage prepaid:

Bryce Carrasco
334 Ternwing Drive
Arnold, MD 21012

*/s/ Brian L. Moffet*
Brian L. Moffet (Fed Bar No. 13821)