# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYCE CARRASCO, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:21-CV-00532-SAG |
| M&T BANK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT M&T BANK'S OPPOSITION TO
## PLAINTIFF'S MOTION TO DISQUALIFY BRIAN MOFFET

Defendant M&T Bank ("M&T"), through its undersigned counsel, opposes the Motion to Disqualify Brian Moffet (ECF No. 112), filed by Plaintiff Bryce Carrasco ("Plaintiff") and, in support thereof, states as follows:

1. Plaintiff's Motion to Disqualify M&T's counsel in this case has no merit and otherwise fails to meet the high standard necessary to disqualify an opposing party's counsel of choice. *See Franklin v. Clark*, 454 F. Supp. 2d 356, 364 (D. Md. 2006) (a moving party bears "'a high standard of proof to show that disqualification is warranted' because it is such a drastic measure") (quoting *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995)).

2. Because M&T employs in-house counsel, Plaintiff wants Mr. Moffet to be disqualified from representing the bank in this case and replaced by one of the "full time lawyers working for M&T" without regard to whether any of these lawyers are admitted to practice in this Court. (ECF No. 112). The Motion to Disqualify fails at the threshold because Plaintiff does not get to dictate who represents M&T. To the contrary, litigants have the "right to freely choose their own counsel" and, in this case, M&T chose Mr. Moffet. *Pennsylvania Nat. Mut. Cas. Ins. Co. v.*

*Perlberg*, 819 F. Supp. 2d 449, 452–53 (D. Md. 2011) (internal citations omitted). Whether there are other potentially available attorneys who could competently represent the bank is not the standard for disqualification not does it provide a basis for a party to seek disqualification of its opponent's counsel.

3. Rather, disqualification is only appropriate when counsel has engaged in conduct that violates the Maryland Rules of Professional Conduct or otherwise undermines the integrity of the proceedings. *Penn Mutual Life Ins. Co. v. Berck*, No. DKC 09-0578, 2010 WL 3294309, at *3 (D. Md. Aug. 20, 2010) (internal citations omitted). Plaintiff's Motion to Disqualify fails to articulate a single potential violation of the Maryland Rules of Professional Conduct by M&T's counsel, let alone satisfy the high standard of proof needed for the drastic remedy sought. Accordingly, the Motion to Disqualify should be denied.

WHEREFORE, Defendant M&T Bank respectfully requests that Plaintiff's Motion to Disqualify Brian Moffet be denied. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

*/s/ Brian L. Moffet*
Brian L. Moffet (Fed Bar No. 13821)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
410.727.6464
bmoffet@milesstockbridge.com

Joshua R. Chazen (Fed Bar No. 06837)
MILES & STOCKBRIDGE P.C.
1201 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
202.465.8388
jchazen@milesstockbridge.com

*Attorneys for Defendant M&T Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, I served a copy of the foregoing on the following via ECF and via first class mail, postage prepaid:

>Bryce Carrasco
>334 Ternwing Drive
>Arnold, MD 21012


>*/s/ Brian L. Moffet*
>Brian L. Moffet (Fed Bar No. 13821)