## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

---------------------------------------------- x

BRYCE CARRASCO,                         :

     *Plaintiff*,                        :

  v.                                    :

M & T BANK,                             :

     *Defendant*.                       :

---------------------------------------------- X

Civil Action

Case No. 21-532 (SAG)

### PLAINTIFF'S CONSOLIDATED REPLY

Comes now, Plaintiff Bryce Carrasco, *pro se*, to submit this Consolidated Reply to Defendant M&T Bank's Opposition to Plaintiff's (i) Motion for Leave to File Surreply [ECF 95], (ii) Omnibus Motion for Entry of Final Judgment [ECF 97], (iii) Motion for More Definite Statement [ECF 101], (iv) Motion for Other Relief [ECF 102], (v) Emergency Motion to Reassign Case, *abrogated* [ECF 103], and (vi) Motion to Disqualify Brian Moffet [ECF 112], filed by M&T as ECF 115, ECF 116, ECF 117, ECF 118, ECF 119, and ECF 120, respectively.

For starters, (i) Plaintiff's Motion for Leave to File Surreply was influenced largely by the repeated misrepresentations made by M&T in its Cross Motion (ECF 88) and reiterated, in bad faith, in its Reply (ECF 92)[1], (ii) Plaintiff's Omnibus Motion for Entry of Final Judgment [ECF 97], and the supplemental memorandum filed thereafter[2] [ECF 105][3], were filed belatedly as a result of the incoherent nature of M&T's cross motion, which was virtually incomprehensible— and ostensibly an attempt to commit fraud on the court through deceptively framing meritless

---

[1] See ECF 94-1.

[2] Which also serves to point out that M&T was and is in default for its failure to file an answer to Plaintiff's First Amended Complaint, which further reinforces the fact that the cross motion for summary judgment was meritless, and filed in bad faith, for an improper purpose. See FED.R.CIV.P. 11(b) and FED.R.CIV.P. 56(h).

[3] Plaintiff agrees with the assessment by M&T that ECF 105 should be interpreted as a memorandum in support of Plaintiff's Omnibus Motion for Entry of Final Judgment, rather than a separate stand-alone motion. ECF 116 n.3.

arguments in bad faith—in addition to the highly suspect affidavit which Plaintiff believes was doctored, based on the clearly inauthentic, computer-generated signature of "Kathleen Evans"[4], (iii) Plaintiff's Motion for More Definite Statement is moot, (iv) Plaintiff's Motion for Other Relief is not material, (v) Plaintiff's Emergency Motion to Reassign Case is *void ab initio*, and (vi) Plaintiff's Motion to disqualify Brian Moffet was (and is) justified, and Plaintiff remains steadfast in his conviction that disqualification is warranted so that M&T is held accountable for its court filings—after clearly demonstrating its willingness to commit fraud and perjury in a federal lawsuit—and furthermore should not be allowed to use the counsel of record as a parrot to evade responsibility for their repeated perjurious court filings.

Nevertheless, Plaintiff recognizes that some of the motions he has filed are procedurally improper, and he takes responsibility for his mistakes. It is important to take note that Plaintiff has remained forthcoming and has taken full responsibility for his representations to the court, and furthermore states that he has proceeded in good faith at all times throughout the course of the instant action. Plaintiff is not perfect, and he admits that some of his filings stem from underlying anxiety (*See e.g.*, ECF 52 through ECF 55). Plaintiff is susceptible to overthinking things and panicking unnecessarily at times, which is something he struggles with, but this anxiety also stems from what he has perceived as an institutional bias from the moment he filed the initial complaint on March 2, 2021. Whether justified or not, Plaintiff has felt it necessary to overcompensate in order to be fairly heard on the merits of this case, based on his perception of how self-represented litigants are treated in the court system generally. Regardless, the truth remains that M&T has failed to establish the existence of a genuine dispute of material fact and Plaintiff is clearly entitled to judgment as a matter of law.

---

[4] See ECF 89 at 8.

**Plaintiff's Motion for Sanctions is Meritorious**

The theories of liability set forth by Plaintiff have been consistent, but M&T has repeatedly ignored the controlling law applicable to this case, *Saunders v. Branch Banking and Trust Co. of Va.*, 526 F.3d 142 (4th Cir. 2008), and has failed to maintain a duty of candor in presenting arguments to the Court. M&T continues to set forth arguments which are clearly meritless and has continuously ignored the evidence in advancing its arguments in bad faith, all of which constitute an abuse of the legal process and a violation of the Federal Rules of Civil Procedure.

M&T goes so far as to mention in a footnote, ECF 116 n.2, that this Court should consider sanctioning the Plaintiff, which would just send a message to self-represented litigants that they are not permitted to use the same form of zealous advocacy often embraced by lawyers. This would serve to discourage self-represented litigants from seeking to benefit from the court system which they have a constitutional right to participate in, and furthermore would represent another example of the cognitive dissonance of the mainstream legal community, in preaching often about "liberal construction" when it comes to pro se litigants, but in reality they place harsher restrictions on them, impose obstacles impeding their ability to succeed in prosecuting a case, and reinforce the inaccessibility of the court system in this country—all of which contravenes the underlying spirit of the constitution. While Plaintiff is willing to withdraw the motion for sanctions for the sole purpose of avoiding further delay of the resolution of the substantive claims under the FCRA and TILA, it is manifest that M&T's conduct warrants consideration of sanctions, and Plaintiff's motion for sanctions was completely justified based on the repeated abuses of the process by M&T and its counsel, in bad faith. Specifically, sanctions are clearly justified under FED.R.CIV.P. 11(b) as well as FED.R.CIV.P. 56(h). If the Court would like Plaintiff to elaborate on this in further detail, he stands ready to do so and invites the opportunity for oral argument on the merits of his motion

for sanctions. Regardless, entertaining sanctions on a pro se litigant who is only doing what is necessary to win a case in a highly competitive legal environment would be unconstitutional and represent manifest injustice to Plaintiff, and more importantly to the citizens of this country. It would be a mistake and a disservice to society.

**"Pro Se"**

And furthermore Plaintiff objects to the constant explanation of the liberal pleading standard which applies to pro se litigants. This is a fallacy and is downright condescending. The Federal Rules of Civil Procedure are designed to allow for liberal pleading standards generally,[5] and the notion that this only applies to pro se litigants is not entirely logical, and the constant lip service to "pro se liberal pleading standards" is nothing but a rhetorical qualifier to further reinforce that self-represented litigants are not to be viewed as equals. This is nonsense. I do not need anyone's special help to win a case in federal court, and a liberal pleading standard is mandated for both represented and un-represented parties.[6] So any further time spent discussing "pro se liberal standards" when discussing the standard of review is insulting and I respectfully request it to stop. It is discriminatory and highly pretentious, and furthermore it is backwards and does not represent the thinking of a developed meritocracy which the United States is supposed to symbolize.

**Conclusion**

This case stems from the reckless disregard of Plaintiff's federally protected rights by Defendant M&T Bank (M&T), a Fortune 500 company with over $140 billion in consolidated

---

[5] See 5 Wright & Miller, Civil 3d §§ 1202, 1215–1226; Clark, Simplified Pleading, 1942, 2 F.R.D. 456; James, The Objective and Function of the Complaint–Common Law–Federal Rules, 1961, 14 Vand.L.Rev. 899; Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 1986, 86 Col.L.Rev. 433; Marcus, The Puzzling Persistence of Pleading Practice, 1998, 76 Texas L.Rev. 1749.

[6] See Wright & Kane, Law of Federal Courts 7d § 68, at 466–77.

assets, which is managed by four executive officers who have sold over $150 million of M&T's

publicly traded stock while owning less than 1% of the common shares outstanding. The facts of

this case have not changed since the commencement of these proceedings—Plaintiff opened a

credit card with M&T based on unlawful advertisements which grossly understated the true cost

of credit, in violation of the Truth in Lending Act, 15 U.S.C. §§ 1601–1667f (TILA). After opening

the account, M&T furnished highly derogatory and misleading credit information about Plaintiff

to the major nationwide consumer reporting agencies (CRAs), causing Plaintiff's credit score to

drop from 700 to 565. After Plaintiff disputed the information with the CRAs, M&T failed to

correct the inaccurate and incomplete information it had reported when responding to notifications

it received with respect to Plaintiff's disputes with the CRAs, in violation of the Fair Credit

Reporting Act, 15 U.S.C §§ 1681–1681x (FCRA). Plaintiff then filed the instant lawsuit after

M&T willfully failed to uphold its duties as a furnisher of information under the FCRA, seeking

redress for injuries sustained. He now asks the Court to render judgment forthwith, having shown

that there are no genuine issues of material fact.

*       *       *

I certify under penalty of perjury under the laws of the United States of America that the foregoing
is true and correct.      Executed: September 21, 2021.

Bryce Carrasco, 334 Ternwing Drive, Arnold, Maryland 21012,

bocarrasco47@outlook.com, 410-858-7432