UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SEPTEMBER 27, 2021

BRYCE CARRASCO,
    *Plaintiff*,                                    Civil Action
        -against-                            No. 21-532-SAG
M & T BANK,
    *Defendant*.

---

**Transaction Notice – Wells Fargo Settlement Approved by U.S. District Court (S.D.N.Y.)**

The following was reported by Reuters on Monday, September 27, 2021, at 1:39 PM Eastern Standard Time, regarding its settlement with the United States Attorney for the Southern District of New York, Audrey Strauss and Paul J. Kohn (the "United States"):

> Wells Fargo reaches $37.3 million settlement of US claims it overcharged clients
>
> Wells Fargo & Co (WFC.N) on Monday reached a $37.3 million settlement to resolve U.S. government accusations that it fraudulently overcharged hundreds of commercial customers who used its foreign exchange services.
>
> The settlement filed with the U.S. District Court in Manhattan requires a judge's approval, and resolves civil fraud charges against the fourth-largest U.S. bank.
>
> The San Francisco-based bank has been dogged for the last five years by a series of scandals over its treatment of customers, and has been subjected since 2018 to a federal cap on asset growth until it improves its operations and oversight.
>
> According to court papers, Wells Fargo defrauded 771 customers between 2010 and 2017 by systematically charging higher spreads or sales margins on foreign exchange transactions than it promised, and providing financial incentives to salespeople for the overcharges.

*See* **Exhibit 1**, Reuters Report (reporting by Jonathan Stempel in New York; editing by Mark Porter). Accessed on September 27, 2021, 4:24 PM EST.

Plaintiff is filing this notice to provide additional valuation support with another comparable precedent civil penalty, $37.3 million, which was approved by the United States District Court for the Southern District of New York, for this Court to have in its repertoire in its decision-making calculus as it pertains to the above-captioned action currently at issue. In

addition to the valuation appendix provided as part of Plaintiff's response to M&T's cross motion for summary judgment, ECF 91-5, and Plaintiff's binding precedent analysis of comparable dispositions approved by the Fourth Circuit Court of Appeals (ECF 85 at 32), this Court is well positioned to enter judgment in favor of the plaintiff in the instant case for an amount not less than $6,044,495.20 United States Dollars (ECF 102). *See also* ECF 85-1 (M&T Bank Corporation and Subsidiaries, Consolidated Balance Sheet, as at December 31, 2020 (reporting 'Total Shareholders' Equity' of $16.2 Billion)); ECF 85-5 (2020 W-2 and Earnings Summary, Bryce O Carrasco (reporting gross income of $119,166.68) (filed in support of the proposition that Plaintiff is entitled to actual damages of not less than $160,000) (see Amended Complaint, ECF 62 ¶ 1 at 2, stating that "Plaintiff seeks relief as follows: (i) emotional damages of $60,000, (ii) economic damages of $100,000, and (iii) punitive damages of $5,884,495.20 (the sum total of which are equal to $6,044,495.20 USD); *but see also* ECF 85-14 (Plaintiff's Affidavit in Support of Actual Damages for Emotional Distress, filed in support of his motion for summary judgment (ECF 85), and sworn to be true, correct, and based on personal knowledge, under penalty of perjury, evidencing the particularized nature of the concrete injury inflicted by Defendant M&T Bank as a result of its inaccurate and incomplete credit reporting, and repeated violations of the FCRA, 15 U.S.C. § 1681s-2(b), which rises well above the standard of willful non-compliance, subjecting it to liability under 15 U.S.C. § 1681n, all of which is established on the record, as a matter of law, being that there is not and cannot be a genuine dispute, based on the incontrovertible, admissible evidence, filed on the record, in addition to controlling legal authorities) ("A review of other awards suggests that $60,000 is within the typical range of compensatory damages approved on the basis of emotional distress." *Id.* at 4 (citing *Sloane v. Equifax Information Services, LLC*, 510 F.3d 495 (4th Cir. 2007) (emotional damages award of

$150,000). *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235 (4th Cir. 2009) (upholding jury verdict of $200,000 actual damages award for both emotional damages and economic damages). *Id.*

Moreover, as it relates to the recent report issued by Reuters, the news report states "According to court papers, Wells Fargo defrauded 771 customers between 2010 and 2017 by systematically charging higher spreads or sales margins on foreign exchange transactions than it promised, and providing financial incentives to salespeople for the overcharges." The standard reported by Reuters ostensibly benefits from a more "liberal construction" than the typical plaintiff in a civil action, whereby such a plaintiff is required to show by a "preponderance of the evidence" that a fact is more likely to be true than false in federal civil cases, or "beyond a reasonable doubt" based on "clear and convincing" evidence, for matters involving criminal cases. In the Stipulation and Order of Settlement and Release ("Declarant Share Stipulation"), also attached hereto as **Exhibit 2**, filed in the United States District Court for the Southern District of New York, the acting Attorney of which is Audrey Strauss[1], was signed only by Lawrence H. Fogelman, Assistant United States Attorney[2], but Nevertheless, the "whistleblower," Paul John Kohn, who is set to receive $1.6 million (the "Declarant's Share"), is represented by Willens & Scarvalone LLP, a private law firm presumably, signed the Stipulation.

The Civil Complaint was filed on the same day as the stipulation dismissing the case. *Id.* at 1. The second paragraph of the Declarant Share Stipulation states:

> On or about April 4, 2016, the Declarant [Paul John Kohn] filed a declaration with the United States (the "Declaration"), alleging that Wells Fargo fraudulently overcharged customers who used its foreign exchange services.

---

[1] Audrey Strauss does not appear to sign any of the documents filed.
[2] Peculiarly the name directly below the signature line is Pierre G. Armand, which obfuscates who exactly the signing individual is, without explanation. However, the hand-signed signature appears to be that of Lawrence H. Fogelman, who also is the Attorney of record on the docket of the case. See Docket and Stipulation, at 6.

*Id.* Furthermore, the Stipulation states that the United States (Audrey Strauss) *alleges* that Wells Fargo is liable to the United States (Audrey Strauss) for civil monetary penalties for defrauding 771 commercial customers who used certain services of Wells Fargo, related to Foreign Exchange Transactions. Thus, it appears that the Standard of Review for the United States (Audrey Strauss) is simply alleging facts, rather than proving them by a preponderance of admissible evidence pursuant to the Federal Rules of Civil Procedure. Moreover, the Stipulation states that the United States (Audrey Strauss) has determined that the Settlement Agreement (not publicly disclosed) was based in part on the information contained in the Declaration (which was also not publicly disclosed). *Id.* at 2.

As well, the settlement agreement entered into between the "United States" and Wells Fargo, was executed on the same day that the Complaint and the Stipulation were filed, which is today, September 27, 2021. *Id.* at 2 (*see also* **Exhibit 3**, Docket Report). Thus, the United States appears to be a pseudonym for Audrey Strauss, however, the United States fails to sign any of the papers filed with the District Court. It is unclear under what provision of the Federal Rules of Civil Procedure allows for this.

In the instant case, Plaintiff has alleged facts, provided a mountain of admissible evidence, in support of a properly filed summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, and judgment has yet to be entered, despite only requesting judgment in his favor in the amount of ~$6.1 million, or approximately 1/6th of the amount of money which the district court judge approved in the matter of Wells Fargo ($37.3 million). *See* Ex. 2, Stipulation and Order of Settlement and Release between the United States and the Declarant pursuant to 12 U.S.C. § 4205. Furthermore, based on the record of the case of Wells Fargo, the number of customers affected by the alleged overcharging practices were 771, which

4

is arbitrary and without competent evidence substantiating that number by any quantifiable benchmark. On the other hand, Plaintiff in the instant action could have easily chosen an arbitrary number of consumers, such as 3,371, which were defrauded by the advertisements and affected by systematic FCRA non-compliance employed by M&T Bank, and as such would have met the standard enjoyed by Audrey Strauss in the case of Wells Fargo. This ostensibly meets the same standard as that enjoyed by Audrey Strauss in the civil action against Wells Fargo, approved by an Article III District Court Judge in the United States District Court for the Southern District of New York, comparable to the instant action in the United States District Court for the District of Maryland. Accordingly, since our constitution is based on principles of equal justice under the law, which the judges are tasked with impartially administering, pursuant to their oath under said constitution, Plaintiff could make a strong argument based on persuasive precedent in the Southern District of New York, that he is entitled to a civil penalty at least equal to or exceeding $37.3 million, which was granted to Audrey Strauss in connection with the action against Wells Fargo, which was approved by the Judge John G. Koeltl. *See* Exhibit 3 at 2, Case Opening Initial Assignment Notice. Nevertheless, Plaintiff concedes that judicial precedent in the Southern District of New York is not binding on this court, and only serves as a persuasive comparable disposition in another federal district court.

      Accordingly and in conclusion, judgment must be entered for $6,044,495.20, by and under the authority of the United States District Court for the District of Maryland, in favor of the plaintiff of the case styled Carrasco v. M&T Bank, No. 21-532 (SAG), on or before Friday, October 1, 2021. This is right and just, and so it must be ordered as such.

*   *   *

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.     Executed on September 27, 2021.

*Bryce Carrasco*

Bryce Carrasco
334 Ternwing Drive, Arnold, Maryland 21012
bocarrasco47@outlook.com, 410-858-7432

6